HARRIET E. BIGELOW *vs.* ALEXANDER T. BIGELOW.

Suffolk.　　March 16. — May 6, 1876.　　AMES & MORTON, JJ., absent.

The St. of 1874, *c.* 205, so far as it provides that when a wife is living apart from her husband, for justifiable cause, and he fails to support her, this court may make such order as it deems expedient for the support of the wife and the maintenance of the minor children, is constitutional, although it makes no provision for a trial by jury.

PETITION filed December 30, 1875, under the St. of 1874, *c.* 205,\* representing that the parties were legally married in 1872, and afterwards lived together in this Commonwealth, and had two children, who now lived·with the petitioner; and that on September 13, 1875, the respondent deserted the petitioner without cause, and they had since lived apart, without any fault on her part, but by his fault in leaving her, and he had failed, without just cause, to furnish suitable support for her and for their children; and praying for an order to prohibit him from

---

\* "Whenever a husband, without just cause, fails to furnish suitable support for his wife, or has deserted her, although such desertion has continued less than three years, or when the wife, for justifiable cause, is actually living apart from her husband, the supreme judicial court, sitting in any county, or any justice of said court in vacation, may by its order, on the petition of the wife, prohibit the husband from imposing any restraint on her personal liberty for such time as the court or justice shall, in such order, direct, or until the further order of the court thereon ; and the court or justice may, upon the application of the husband or wife, make such further order as it deems expedient concerning the support of the wife, the care, custody and maintenance of the minor children of the parties, and may determine with which of them the children or any of them shall remain ; and may, from time to time, afterwards, on the application of either of the parties, revise and alter such order, or make a new order or decree, as the circumstances of the parents or the benefit of the children may require."

imposing any restraint on her personal liberty, and for further order concerning her support and that of the children.

The petition was heard by *Devens*, J., who made an order by which he determined that the petitioner was actually living apart from her husband, for justifiable cause, and that he had failed to provide suitable support and maintenance for her and their two minor children; and ordered that he should pay to the petitioner thirty dollars a month for the support and maintenance of her and the children, until further order of the court.

The respondent moved that the decree be vacated, because "the statute, under which the petition is brought, is unconstitutional, inasmuch as it makes no provision for trial by jury in accordance with Art. XV. of the Declaration of Rights in the Constitution of this Commonwealth, and Art. VII. of the amendments of the Constitution of the United States." This motion was disallowed ; and the respondent appealed.

*G. W. Morse & A. S. Hall*, for the respondent.

*C. H. Chellis*, for the petitioner.

GRAY, C. J. By the Constitution of the Commonwealth, in accordance with the practice under the Charter of the Province, the jurisdiction in cases of divorce and alimony was vested in the Governor and Council, until transferred by the St. of 1785, *c.* 69, to this court, where it has since remained; but it belongs to the Legislature to express by general laws the cases in which the court may decree a divorce from the bond of matrimony or a judicial separation, and may order the husband to support his wife lawfully living apart from him. *Sparhawk* v. *Sparhawk*, 116 Mass. 315. *Shannon* v. *Shannon*, 2 Gray, 285, 287. *Adams* v. *Adams*, 100 Mass. 365, 373.

A trial by jury was never had in such cases until it was allowed on libels for divorce by the St. of 1855, *c.* 56; Gen. Sts. *c.* 107, § 15. The fifteenth article of the Declaration of Rights, affirming the right of trial by jury " in all controversies concerning property, and in all suits between two or more persons," excepts " cases in which it has heretofore been otherways used and practised." The seventh article of amendment of the Constitution of the United States is limited to suits at common law, and does not apply to the state courts. *Twitchell* v. *Commonwealth*, 7 Wall. 321. *Commonwea'th* v. *Hitchings*, 5 Gray, 482.

The St. of 1874, c. 205, authorizes this court to prohibit the husband from restraining the personal liberty of the wife, and to make orders concerning her support and the care, custody and maintenance of the children of the parties, when the husband has deserted his wife or has unjustifiably neglected to support her, or she is living apart from him for justifiable cause. The petition alleges that all these facts exist; and the decree determines that the wife is living apart from her husband for justifiable cause, and orders him to pay a certain sum monthly for the support of herself and their children, until the further order of the court.

The object and effect of this proceeding are to obtain a judicial determination that the husband and wife are lawfully living apart, and that he shall support her and their children during the separation. In such a case, the husband has no constitutional right to a trial by jury.

This case does not require us to consider how far, if at all, the statute could be upheld as a regulation by the Legislature of the duty of a husband to support his wife and children while living with him.                                    *Order affirmed.*