JOHN B. KEMPTON, administrator, *vs.* WILLIAM E. SAUNDERS.

Middlesex.   Jan. 18.— March 4, 1882.   LORD, FIELD & C. ALLEN, JJ.,
                                  absent.

This court has no jurisdiction, under the Gen. Sts. *c.* 118, § 16, of a petition in the
   nature of an appeal by a creditor from the decision of the Court of Insolvency
   granting a discharge to a debtor, although since the St. of 1879, *c.* 245, § 4, the
   creditor cannot impeach the validity of the discharge in an action at law.

W. ALLEN, J.   This is a petition under the Gen. Sts. *c.* 118,
§ 16, in the nature of an appeal from the decision of the Court
of Insolvency granting a discharge to the respondent, and seeks
a hearing upon the matters of fact involved in that decision.
The statute provides that " the Supreme Judicial Court shall
have a general superintendence and jurisdiction of all cases aris-
ing under this chapter; and, except when special provision is
otherwise made, may, upon the bill, petition, or other proper
process, of any party aggrieved, hear and determine the case as
a court of equity." That this statute gives to this court author-
ity to revise the decisions of the Court of Insolvency as to
matters of fact, upon a proper case shown, is well settled. *Lan-
caster* v. *Choate,* 5 Allen, 530. But it is only upon the applica-
tion of some party aggrieved, and upon some matter as to which
other provision is not made for a revision of the decision of the
Court of Insolvency.

We think other provision is made for this case. The insolvent
law provides, Gen. Sts. *c.* 118, § 75, that, " if it appears to the
satisfaction of the judge that the debtor has made a full disclos-
ure and delivery of all his estate as herein required, and that he
has in all things conformed himself to the directions and require-
ments of the laws relating to insolvent debtors," the judge shall
grant the discharge. Various acts of the debtor are specified in
the statute, which will prevent the granting of the discharge.
Whether a discharge shall be granted, and upon what terms and
conditions, and with what limitations, are matters of legislative
discretion. It is for the Legislature to determine what facts
shall prevent the granting of a discharge, and how those facts
shall be verified. It may provide that any creditor shall have a
right to be heard upon the question, or that one or more persons

shall be designated to represent all the creditors at the hearing, or that the hearing shall be *ex parte.* It is not a matter in which a creditor is a party except so far as the statute, expressly or by implication, makes him one. By providing that the discharge shall be granted if certain facts shall appear to the satisfaction of the judge, and that it shall not be granted if the debtor has done certain acts, the statute implies that there shall be a hearing upon those facts, and, in the absence of any express provision on the subject, that the creditors may be heard in opposition. Whether each creditor has a right to be heard, or whether the assignee, as representing the creditors as a body, is the proper party, is not expressed in the statute, and is immaterial. The manner of revising the decision of the Court of Insolvency upon the question is expressly provided by the statute. The right of appeal from a decision granting a discharge is given to the assignee. It is to the Superior Court, and, in that court, the assignee or any creditor may appear and object to the allowance of the discharge. §§ 85, 86. It is clear that the Legislature included in this provision the whole subject of revising the decision of the court in the nature of an appeal, and intended to limit the right of calling for such a revision to the assignee, and did not intend that the supervisory power of this court should extend to a revision of that decision, on the petition of a creditor.

This is so plain that it is not contended that this petition could have been maintained before the St. of 1879, *c.* 245, which provides that the certificate of discharge shall be conclusive of the fact and regularity of such discharge when pleaded by a debtor. As the effect of this statute is to deprive the creditor of the right of contesting the validity of the discharge after it is granted, it is argued that it must have the effect of giving him a right to apply to this court to set it aside. This was clearly not the intention of the Legislature. The same section gives to a creditor who desires to impeach the discharge on the ground of fraud the right to apply to the court which granted the discharge to annul it, and if, upon hearing, the court finds that the fraudulent acts are proved, and that the creditor had no knowledge of the same until after the granting of the discharge, it shall be annulled; if not proved, or if the acts were known to the creditor,

the validity of the discharge shall not be affected by the proceedings. It is noticeable that no right of appeal is given from the judgment of the court. The Legislature acted upon the question of what additional rights of impeaching the discharge a creditor should have, and gave him all that it was intended he should have. It is true that, if the assignee does not appeal, a creditor, who knows of an objection to the granting of a discharge before it was granted, loses, by force of the statute, the right to contest the validity of the discharge, if it should be pleaded to an action brought by him; but that affords no ground for an inference that the Legislature intended that he should have a right in the nature of an appeal to this court to try the question. It rather manifests the intention shown in the original act, that the right of calling for a revision of the judgment granting a discharge should be confined to an appeal by the assignee as representing the creditors, by extending it only to a proceeding in the Court of Insolvency by a creditor who was ignorant of the facts showing the invalidity. No vested right of the creditor is infringed by such legislation. *Kempton* v. *Saunders*, 130 Mass. 236.

The United States bankrupt act contained no provision for any appeal from the decision of the court allowing a discharge, and it was upon that ground that *Coit* v. *Robinson*, 19 Wall. 274, was decided. Besides, that statute expressly authorized any creditor to appear and oppose a discharge. U. S. Rev. Sts. § 5111.                         *Decree affirmed.*

*W. B. Durant*, for the respondent.

*G. F. Piper*, for the petitioner.