EDWARD O. COOKE *vs.* CHARLES M. BARRETT & another.

Middlesex.   December 9, 1891. — January 8, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Insolvent Debtor — Equity — Laches.*

An insolvent debtor filed a proposal for a composition with creditors, and a credi-
tor urged in the insolvency court various objections thereto.  The judge of in-
solvency overruled the objections, and on July 24 confirmed the proposal, and
decreed the payment into court within thirty days of a large sum in money and
in notes indorsed by third parties.  This payment was made within the thirty
days, on August 23, and was distributed among the creditors, whereupon the
debtor was discharged.  On November 17 following, the objecting creditor filed
a bill in equity to set aside the composition and discharge, and at the hearing
thereon urged the same objections as in the insolvency court, but gave no reason
for his delay in filing the bill.  *Held,* that the creditor was guilty of laches, and
that the bill could not be maintained.

BILL IN EQUITY, filed in this court under the Pub. Sts. c. 157,
§ 15, to set aside a composition with creditors and a discharge
in insolvency.   At the hearing, before *Allen,* J., the following
facts appeared in evidence.

The defendants, who were partners, filed, on December 31,
1889, a petition in insolvency, and together therewith filed a pro-
posal for a composition with their creditors, to be paid in cash
and in notes to be indorsed by their respective wives.   Various
hearings were had on this proposal, and claims proved by credi-
tors, including the plaintiff.   The plaintiff in the Court of Insol-
vency urged various objections to confirming the composition,
but the judge of insolvency on July 24, 1890, made a decree con-
firming the proposal, and ordering the payment into court within
thirty days of a large sum of money, and of the notes so indorsed.
This payment was made on August 23, 1890, and distribution
thereof at once made among the creditors.   The plaintiff and
two other creditors refused to accept their shares respectively,
and the plaintiff, on November 17, 1890, filed this bill.   At the
hearing he offered no evidence as to his reasons for the delay,
but urged the same objections as in the Court of Insolvency.

The judge dismissed the bill on the sole ground that the
plaintiff had been guilty of such laches as to debar him from
maintaining the same; and reported the case for the considera-
tion of the full court.

*W. C. Cogswell*, for the plaintiff.

*I. R. Clark,* (*E. A. Alger* with him,) for the defendants.

MORTON, J.    It. is said in *Tash* v. *Adams,* 10 Cush. 252, "It is a well established rule in equity that if a party is guilty of laches or unreasonable delay in the enforcement of his rights, he thereby forfeits his claim to equitable relief," and that, "where a party, being cognizant of his rights, does not take those steps to assert them which are open to him, but lies by, and suffers other parties to incur expenses and enter into engagements and contracts of a burdensome character," the rule is especially applicable.    The principle here laid down has been recognized in later cases and governs this case.    See *Fuller* v. *Melrose,* 1 Allen, 166 ; *Royal Bank of Liverpool* v. *Grand Junction Railroad,* 125 Mass. 490.    The plaintiff appeared in the Court of Insolvency, and urged various objections against the confirmation of the proposal for composition.    Those objections were the same, as appears from the report, that were urged at the hearing before the single justice in this court.    The judge of the Court of Insolvency overruled them, and on July 24, 1890, ordered the proposal for composition to be confirmed, and provided in the decree for the payment into court within thirty days of a large sum in money and notes.    This payment was made on the 23d of August following.    The notes were indorsed by third parties, but it does not appear whether the money was the proceeds of the debtor's estate or was obtained from some other source.    The money and notes were distributed among the creditors, and this bill was filed on November 17, 1890, after the distribution had taken place, and nearly four months after the decree of the Court of Insolvency, and without, as the report shows, any reason being given at the hearing before the single justice for the delay in filing it.    We think it is a clear case of laches.    If the plaintiff desired to avail himself of the objections which he had urged in the Court of Insolvency, he should have done so seasonably, and before full effect had been given to the proceedings in that court, and to its decree, by the distribution of the money and notes.    It would be unjust to permit him to lie by until all that has been done, and then, for reasons of which he has been cognizant all the while, to upset the composition proceedings.                         *Bill dismissed.*