MELVIN W. PIERCE & others *vs.* GEORGE M. KEENE.

Middlesex. March 28, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Insolvent Debtor — Annulment of Discharge — Appeal.*

No appeal lies to the Superior Court from a decree of the Court of Insolvency annulling a discharge granted to an insolvent debtor.

APPEAL to the Superior Court from a decree of the Court of Insolvency, upon the petition of certain creditors of George M. Keene, under Pub. Sts. c. 157, § 95, annulling a discharge in insolvency granted to him, on the ground that it was obtained fraudulently. Trial before *Bond,* J., who, on the motion of the petitioners, dismissed the appeal for want of jurisdiction; and the respondent alleged exceptions.

*S. A. Fuller,* for the respondent.

*G. W. Anderson,* for the petitioners.

MORTON, J. The question in this case is whether an appeal lies to the Superior Court from a decree of the Court of Insolvency annulling a discharge granted to an insolvent debtor. We do not think that it does. No appeal is given in terms, and there is no general provision in regard to courts of insolvency as there is in regard to orders, sentences, decrees, or denials of probate courts, or of the judges of such courts, giving a right of appeal to the party aggrieved thereby. Pub. Sts. c. 157, § 95. Pub. Sts. c. 156, § 6. Appeals from judgments, orders, or decrees of courts of insolvency to the Superior Court are given in only two cases; to the debtor or assignee " from the decision of the judge upon the question of granting the certificate of discharge to a debtor," and to " a supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim." Pub Sts. c. 157, §§ 36, 91. Pub. Sts. c. 152, § 5, do not enlarge the appellate jurisdiction of the Superior Court, but recognize and affirm it in cases where an appeal to it has been lawfully taken from any of the tribunals named. The respondent argues that the petition for annulling

the discharge is in effect a continuation of the hearing on the question of granting the discharge, and that as a right of appeal is given from the decision of the judge on the question of granting the discharge, it is to be assumed that a right of appeal was intended to be given from the decision of the judge on the matter of annulling the discharge. But we think that they are two separate proceedings, and that it was intended that the action of the Insolvency Court on a petition for annulling a discharge should be final. See *Kempton* v. *Saunders*, 132 Mass. 466, 468.

*Exceptions overruled.*