### ELIZABETH BUCKNAM *vs.* GEORGE C. BUCKNAM.

Middlesex.    March 26, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Separate Support— Relations of Husband and Wife— Constitutional Law.*

The court has power to make an order, under Pub. Sts. c. 147, § 33, for the separate support of a wife while living in the same house with her husband and performing some of the duties of a wife; and the statute is constitutional.

PETITION to the Probate Court, under Pub. Sts. c. 147, § 33, for separate support. The case was submitted on appeal to the Superior Court, and, after an order to the respondent to pay certain sums at certain times to the petitioner, to this court, on appeal, upon an agreed statement of facts, the nature of which appears in the opinion.

*S. K. Hamilton & T. Eaton,* for the respondent.

*F. S. Hesseltine,* for the petitioner.

KNOWLTON, J. This is a petition filed in the Probate Court under Pub. Sts. c. 147, § 33, alleging that the respondent fails, without just cause, to furnish suitable support for the petitioner, who is his wife, and asking that the court make an order for her support. The only question before us is whether the court has power to make such an order while the wife is living in the same house with her husband and is performing some of the duties of a wife. The statute enumerates three classes of cases in which the court may make an order concerning the support of a wife. It may be done " when a husband fails, without just cause, to furnish suitable support for his wife, or has deserted her, or when the wife for justifiable cause is actually living apart from her husband." There would be no reason for the first class of cases if the power of the court to make an order was intended to be limited to cases in which the husband and wife are living apart from each other. In most, if not all, of the cases which have arisen hitherto, the husband and wife were living apart. Doubtless there will seldom be occasion for an order of the court in behalf of a wife who continues in enjoyment of marital relations with her husband. But to hold that a

wife can have no relief so long as she continues to live with her husband, however grossly he neglects to furnish her with needed support, would be to nullify the first clause of the section referred to.

The agreed facts under which the order was made show that the parties do not occupy the same room or bed, that they do not eat together, nor have any conversation except such as is absolutely necessary, although she cooks the food furnished by him for both. They also show that she is in great need of clothing, medicine, and other things which he refuses to furnish. The language of the statute indicates an intention that the courts shall have jurisdiction to order relief in such cases.

In the last sentence of the opinion in *Bigelow* v. *Bigelow*, 120 Mass. 320, which holds that this statute is constitutional notwithstanding that it authorizes an order for the support of a wife and children without securing to the husband a right of trial by jury, there is a plain intimation that this is the meaning of the statute. There is also an expression of a doubt whether it " could be upheld as a regulation by the Legislature ·of the duty of a husband to support his wife and children while living with him."

The constitutionality of the law is affirmed in that case on the ground that an order for support of a wife and children while she is living apart from her husband is within the exception, stated in the fifteenth article of the Declaration of Rights, to the provision securing a right of trial by jury, which exception includes all " cases in which it has heretofore been otherways used and practised." Under the provisions of law prior to the adoption of the Constitution, all cases of marriage, divorce, and alimony were heard by the Governor and Council, and of course without a trial by jury. Anc. Chart. 243. Although at that time there was no statute like that now before us, this statute is only a new method of enforcing a right growing out of marriage, which was enforced by an order for alimony after a divorce from the bonds of matrimony, or a divorce from bed and board, or after the commencement of proceedings to obtain a divorce. The term " alimony " in its broad sense means support to which the wife or children are entitled on account of the misconduct and neglect of the husband and

father.   We think that this statute, in its application to a wife in need of support from a husband who fails to perform his marital duties in the family while she is living with him, is merely an enlargement and extension of the remedies existing in cases of marriage, divorce, and alimony, before the adoption of the Constitution.   It therefore falls within a class of subjects which, previously to the adoption of the Constitution, were judicially dealt with without a trial by jury.   In reference to cases of desertion by the husband which had just occurred, and cases of a wife justifiably living apart from her husband for a slight cause although the husband's wrong would not entitle the wife immediately to a divorce, or to alimony under former laws, this construction was put upon the statute in *Bigelow* v. *Bigelow, ubi supra,* and for this reason the statute was held constitutional.   We think that the principle of that decision should apply as well to the present case.   *Order affirmed.*