ELLEN N. SMITH *vs.* AMOZ SMITH.

Dukes County.    October 26, 1903. — November 25, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Superior Court.    Jurisdiction.    Husband and Wife.    Practice, Civil,* Appeal.

Although after an appeal from a decree of the Probate Court, under Pub. Sts. c. 147, § 33, ordering a husband to provide separate maintenance for his wife, the case is still pending in the Probate Court for such further proceedings as may become necessary, yet if the Superior Court on such an appeal orders certain monthly payments to be made by the husband ",to continue until the further order of this court," the Superior Court retains jurisdiction to enforce its decree by contempt proceedings.

PETITION, filed April 24, 1900, in the Superior Court for Dukes County, praying that the respondent be adjudged in contempt, for failure to comply with a decree entered in that court ordering the respondent to pay the petitioner $10 a week in monthly payments.

The respondent filed a motion that the petition be dismissed for want of jurisdiction.

In the Superior Court *Aiken,* J. denied the motion to dismiss, and adjudged the respondent to be in contempt. He made an order that the respondent pay to the petitioner the sum of $4,460, or that on his neglect or refusal to do so he be commit-

ted to the jail at Edgartown, there to remain until he should comply with the decree. Being of the opinion that these interlocutory orders made by him ought to be passed upon by this court before any further proceedings in the trial court, the judge reported the case for such determination. If the action of the judge was right, the decree ordered by him to be entered was to be affirmed; otherwise the petition for contempt was to be dismissed.

*R. F. Raymond*, for the respondent.

*W. H. Powers*, for the petitioner.

KNOWLTON, C. J.    The question in this case is whether the enforcement of obedience to a decree of the Superior Court ordering payments of money under the Pub. Sts. c. 147, § 33, should be by proceedings in the Superior Court, or by proceedings in the Probate Court in which the case was begun, and from which it was carried by appeal to the Superior Court. This kind of relief, for married women needing support and living apart from their husbands for justifiable cause, was first obtained under the St. 1874, c. 205, through proceedings brought in the Supreme Judicial Court, and then, by the St. 1880, c. 64, this jurisdiction was transferred to the Probate Court, (see Pub. Sts. c. 147, § 33,) with a right in either party to appeal to the Supreme Judicial Court under the provisions which were embodied in the Pub. Sts. c. 156, §§ 12, 13, 17, and which now appear with amendments in the R. L. c. 162, §§ 9, 16, 18, 19, 23.    By the St. 1887, c. 332, this appellate jurisdiction, with jurisdiction in other kindred matters, was transferred from the Supreme Judicial Court to the Superior Court, with the provision that "all proceedings on such appeals shall be the same, so far as practicable, as are now provided by law on like appeals to the Supreme Judicial Court."    The St. 1888, c. 290, is "An Act relating to appeals from Probate Courts," which, by the St. 1890, c. 261, is made to apply to these appeals to the Superior Court, as well as to appeals to the Supreme Judicial Court.    So far as pertains to the questions arising in this case, it was probably applicable without such express provision.    The question before us is, therefore, to be decided under the rules of law applicable to appeals from the Probate Court to the Supreme Judical Court, as stated in the Pub. Sts. c. 156, §§ 12, 13, 17, and amendments thereto.

The nature and effect of appeals from the Probate Court to the Supreme Judicial Court were considered in *Dunham* v. *Dunham*, 16 Gray, 577, and more fully in *Gale* v. *Nickerson*, 144 Mass. 415. In the latter case Chief Justice Morton, referring first to appeals under the old practice from the Court of Common Pleas to the Supreme Judicial Court, by which the whole case was taken out of the jurisdiction of the lower court, and referring then to cases transferred by appeal, or by exceptions, or by report from the Superior Court to the Supreme Judicial Court for the determination of questions of law, said in the opinion, " A probate appeal lies between these two classes of cases. It does not bring the cause to the Supreme Court of Probate; that remains within the jurisdiction of the Probate Court; it does more than to bring here the question of law ruled on by the Probate Court; it brings the whole question, including both law and fact, whether the decree appealed from is invalid for any of the reasons of appeal assigned by the appellant." After a decision by the Supreme Court of Probate, a copy of the record of the order or decree should be certified by the clerk and transmitted to the Probate Court, where it has effect for all proper purposes in the cause as if originally made in the Probate Court. In the language of Mr. Justice Metcalf in *Dunham* v. *Dunham*, 16 Gray, 577, 578, " The judgment of the appellate court has been, and still is, only upon the order, etc., from which the appeal is taken, and has been and still is certified to the Probate Court, where further proceedings are had, or are stopped, as if the decision had been made by that court. The appeal gives no jurisdiction to the appellate court to proceed in the settlement of an estate, but only to reconsider the order, etc., appealed from ; and its judgment is to be carried into effect by the Probate Court, whose jurisdiction over the cause and the parties is not taken away by the appeal." See *Choate* v. *Jacobs*, 136 Mass. 297, 298. In each of these cases from which we have quoted, the original proceeding was a petition for the probate of a will, and on granting the petition, the case remained in the Probate Court for further action by the petitioner and the court in the settlement of the estate. We can conceive of cases in which the appeal would take to the appellate court every question that could ever arise in the case, and in which the decision upon the appeal would

necessarily be a final disposition of the case in every possible aspect of it. In such cases the execution of the decree by processes from the appellate court, if such execution were needed, might be convenient and proper, and there would be no need of treating the case as longer pending in the Probate Court. If probate appeals generally were of this kind, doubtless they would be treated as removing the case for all purposes to the appellate court, as appeals from the Court of Common Pleas to the Supreme Judicial Court, under the old practice, took away jurisdiction from the lower court. Because they are generally of a different kind, the cases are treated as still pending in the Probate Court, although so far as they are affected by the appeal, they are taken to the appellate court.

The statute gives the appellate court great latitude in regard to the course of the proceedings and the form of the decision on the appeal. "The supreme court of probate may reverse or affirm, in whole or in part, the decree or order appealed from, and may pass such decree thereon as the probate court or the judge thereof ought to have passed, may remit the case for further proceedings, or take any other order therein, as law and justice may require." Pub. Sts. c. 156, § 17. (R. L. c. 162, § 23.) The appeal in this case brought up for revision everything in the case which was open for immediate consideration, namely, the questions whether the petitioner was living apart from her husband for justifiable cause, whether the husband should be prohibited from imposing any restraint on her personal liberty, and what order if any should be made concerning her support, and the care, custody and maintenance of the minor children. Pub. Sts. c. 147, § 33. (R. L. c. 153, § 33.) Under this section the court "may, from time to time, afterwards, on a similar application, revise and alter such order, or make a new order or decree, as the circumstances of the parents or the benefit of the children may require." We think that this contemplates the continued pendency of the case in the Probate Court after the entry of a decree, for an application by either party in the case, without filing a new petition. This view is strengthened by the fact that the court has no power to order support by the appellant by the payment of a gross sum, but only by payments from time to time. *Doole* v. *Doole,* 144 Mass. 278. But the

appellate court may make any proper order or decree covering conditions then existing to which the appeal relates. The court made such a decree in this case, and, in reference to the monthly payments, decreed that they were " to continue until the further order of this court." If for the words " this court" the words "Probate Court" had been substituted, they would have conformed exactly to the statute. We have no doubt that the decree might have provided expressly for its own enforcement by execution to be issued by the Probate Court, or by other proceedings in that court, and if it had made such a provision, the decree in that part, upon certification to the Probate Court, would have been in effect there as if originally made there, and that court could have issued its execution for the enforcement of it. So also, wilful disobedience of a decree in effect there, which by its express provisions it was the duty of that court to enforce, would have been a contempt of that court punishable there; but as to all matters within the jurisdiction of the Supreme Court, which included the determination of the rights of the parties under conditions then existing, and an enforcement of the decision, we have no doubt of the power of the Superior Court to enforce its own decree instead of providing for the enforcement of it in the Probate Court. To that extent the case was removed, although it remained in the Probate Court for further applications. The decree made no provision in terms for any action in the Probate Court. It was a decree of the Superior Court, which might be enforced by execution from that court, and wilful disobedience of it would be contempt of that court.

In view of the form of the decree, there having been no application for a modification of it, we are of opinion that the Superior Court may entertain these proceedings for contempt for wilful disobedience of the decree. By the terms of the report the decree ordered by the judge prescribing punishment for contempt is to be entered and affirmed. The issuing of process for commitment will be a supplemental proceeding.

*Decree affirmed.*