HANNAH C. JACKSON, administratrix, *vs.* CHARLES S. ENSIGN, JR., & others.

Suffolk. March 16, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insolvency. Equity Pleading and Practice,* Exceptions, Dismissal without prejudice. *Equity Jurisdiction. Supreme Judicial Court.*

It is within the discretion of a justice of this court presiding at the hearing on the merits of a bill in equity, filed under R. L. c. 163, § 17, seeking a reversal of a decree of the Court of Insolvency, to refuse to allow a motion of the plaintiff that the bill be dismissed without prejudice, where such motion is made after such hearing has begun; and to the exercise of such discretion no exception lies.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk June 14, 1907, under R. L. c. 163, § 17, to reverse a decree of the Court of Insolvency upon an assignee's account. After a hearing was begun before *Loring,* J., the plaintiff moved that the bill be dismissed without prejudice, as stated in the opinion. The motion was denied, an order made that the bill be dismissed with costs, and the plaintiff excepted.

*S. J. Elder & E. A. Whitman,* for the plaintiff, submitted a brief.

No counsel appeared for the defendants.

BRALEY, J. After the case had been opened, and evidence offered which was excluded, the plaintiff represented to the single justice that she did not desire to prosecute further, and moved for a decree dismissing the bill without prejudice. This motion having been denied, a decree was ordered dismissing the bill with costs, and affirming the decree of the Court of Insolvency. The question is, whether, as matter of law, the plaintiff's motion should have been granted without modification. It may be conceded, if the suit is treated as an original bill for

relief, that the plaintiff, at any time before a decree, either interlocutory or final, had been entered, upon request would have been granted an order dismissing the bill without prejudice. *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450. *Pullman's Palace Car Co.* v. *Central Transportation Co.* 171 U. S. 138, 145. By the provisions of R. L. c. 163, § 17, this court is given general supervisory jurisdiction of all cases in insolvency, and the exercise of the powers thus conferred must be invoked by either a bill or petition in equity. If not technically an appeal, as the suit does not stay the proceedings below, it is in the nature of an appeal, for its sole object is to revise and correct the decisions of the court of insolvency. *Lancaster* v. *Choate*, 5 Allen, 530. *Kempton* v. *Saunders*, 132 Mass. 466. Indeed in *Merriam* v. *Sewall*, 8 Gray, 316, 327, Thomas, J., said, " Such petition is in the nature of an appeal, with its legal incidents." If the incidental annoyance of a second suit involving the same issues is not sufficient to prevent the dismissal of an original bill at the plaintiff's request before decree, it would not tend to the orderly and efficient administration of the estates of insolvent debtors in process of settlement, that upon resort to this court by those aggrieved by an adverse order, the petition or bill could be discontinued as of right after trial upon the merits had begun. The petitioner, if diligent, could at once begin over, and in effect would have the benefit of a double appeal, and, while the appellate litigation was pending, further proceedings ordinarily would be suspended by the court of insolvency, where the settlement of the estate might be needlessly kept open and protracted. *Taunton National Bank* v. *Stetson*, 145 Mass. 366. *Cooke* v. *Barrett*, 155 Mass. 413. If the plaintiff had asked for leave to amend, the allowance of the amendment at that stage would have rested in the discretion of the court, but the entry of a decree of discontinuance without prejudice as an absolute right in legal effect would have conferred the same privilege, even if in the opinion of the presiding judge, justice required that, the plaintiff having had her day in court, litigation should end. Upon recurrence to the words of the statute, the court is required to " hear and determine the case as a court of equity." But, even if there is ground for the petitioner's argument that

by analogy the general rules of equity practice are to be observed, their application ought not to be extended to include arbitrarily an anomalous bill, which, although original in the sense that relief is asked, also serves its principal function by affording a limited statutory appeal and revision. The plaintiff has not directed our attention to a decision of this court, nor have we found any, where the point now raised has been decided, and, while the rule which the plaintiff invokes might be applied, we prefer to say that whether the motion should have been granted or denied was wholly discretionary. It also follows that the affirmance of the decree of the court of insolvency at least did not harm the plaintiff, as the dismissal of the bill constituted a bar to any subsequent attempt at revision by her upon any of the grounds alleged. *Merriam* v. *Sewall, ubi supra.* In equity, a bill of exceptions under our procedure 'brings up only questions of law, and, as no error appears upon the record, the order must be,

*Exceptions overruled.*