FRED M. BURROUGHS, trustee, *vs.* GEORGE G. WELLINGTON & another.

SAME *vs.* SAME.

Norfolk. December 11, 1911. — May 21, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* Bill for instructions. *Trust. Equity Pleading and Practice,* Withdrawal of bill for instructions. *Probate Court,* Appeal.

A petition in the Probate Court under R. L. c. 162, § 5, by a trustee for instructions regarding the trust, is a proceeding in equity and is governed by the rules of equity pleading and practice.

Where, after all parties interested have appeared and answered to a petition in the Probate Court by a trustee for instructions regarding the trust a hearing has been had and a decree is ready for signature but has not been entered, the trustee files a motion "to dismiss" or for leave to withdraw the petition, the judge

within his discretion may deny the motion and an appeal from such action is without merit.

On an appeal to the Supreme Judicial Court from a decree of the Probate Court upon a petition by a trustee under R. L. c. 162, § 5, for instructions, the decree is not suspended nor are proceedings under it stayed and the case should not be dealt with as a proceeding brought originally in the Supreme Judicial Court, the only question before the Supreme Judicial Court being, whether the decree of the Probate Court was wrong for any of the reasons assigned as objections to the decree; and the decree to be entered by the single justice should determine that question only and should remand the case to the Probate Court for further proceedings.

PETITION IN EQUITY, filed in the Probate Court on July 29, 1909, by the trustee under the will of Jennie G. Greene, late of Milton, for instructions with regard to the disposition of certain specified money of the trust estate.

In the Probate Court the case was heard by *Flint*, J. After the hearing and pending the entry of a decree, the petitioner moved that the petition might be dismissed or that he might be permitted to withdraw it. The motion was denied; and the petitioner appealed.

The judge of the Probate Court thereafter made a decree that the "trustee account for said money in accordance with the terms of said trust." The petitioner appealed and stated as objections to the decree (1) that the Probate Court had no jurisdiction to make it, and (2) that certain statements in the petition were incorrect.

Both appeals were heard by *Rugg*, J., who made a decree affirming the decree of the Probate Court refusing to dismiss the petition or to allow it to be withdrawn.

An extended amendment of the petition was allowed by the single justice by consent of the respondents, and an answer to the amended petition and a replication were filed. After a hearing a detailed decree was made by the single justice; and the petitioner appealed.

*E. M. Bennett*, for the petitioner.

*F. H. Noyes*, for the respondents, was not called upon.

BRALEY, J. The appellant, who is the duly appointed trustee under the will of Jennie G. Greene, petitioned the Probate Court for instructions as to the construction of the fifteenth article, which created the trust, and whether certain funds received by him were within its terms. It appears that all persons interested were duly

notified and when the adverse decree ordering him to account was ready for the signature of the judge, the petitioner moved to dismiss or to be allowed to withdraw the petition. The motion having been disallowed and the decree entered, he appealed to this court, and assigned as the reason of appeal, that "in the case of a petition for instructions by a trustee under a will, such trustee is entitled as of right before a decree has been made thereon, to have such petition dismissed upon his petition therefor."

A trustee who desires instructions as to the administration of the trust should proceed by a bill in equity in the regular form, if suit is begun in this court, or in the Superior Court. *Gibbins* v. *Shepard*, 125 Mass. 541. *Swasey* v. *Jaques*, 144 Mass. 135. R. L. c. 159, §§ 1, 10. But if he resorts to the Probate Court under R. L. c. 162, § 5, while he must proceed by petition, the proceedings are still in equity, and are governed by our rules of equity practice and procedure. *Greene* v. *Gaskill*, 175 Mass. 265. *Sibley* v. *Maxwell*, 203 Mass. 94, 106, 107. The petition being in the nature of a bill of interpleader to enable the trustee to obtain instructions as to the disposition of the money, the appellees and beneficiaries who claimed it as belonging to the trust were alone entitled to be heard. *Houghton* v. *Kendall*, 7 Allen, 72, 73. Having brought them before the court he had no further interest in the suit, except to execute the trust as directed by the court. If he then could discontinue as of right, the estate would have been exposed to needless expense and future litigation, as his conduct seems plainly to indicate that the questions raised would have to be settled by judicial determination. It consequently was within the discretion of the judge to decide whether the petition should be dismissed or withdrawn, after the issues in which parties other than the petitioner were interested had been tried and determined and the decree denying the motion must be affirmed. *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450. *New York, New Haven, & Hartford Railroad, petitioner*, 182 Mass. 439. *Jackson* v. *Ensign*, 199 Mass. 116. *Weston* v. *Railroad Commissioners*, 205 Mass. 94, 97.

The second appeal, which is from the decree directing the petitioner to account in accordance with the terms of the trust is also without merit. By the allegations of his own petition, even as amended, he had received sums of money which he holds for

the benefit of the appellees, who severally have attained the age when the legacies became payable. The bequests to each with any accumulations should be paid, and the trust terminated. The appeal, however, did not suspend the probate decree, or stay proceedings under it. R. L. c. 162, §§ 9, 16, 17. And it cannot be dealt with as if the case originally had been brought in this court, but the decree ordered must be enforced by the Probate Court whose jurisdiction remains notwithstanding the appeal. *Dunham* v. *Dunham,* 16 Gray, 577, 578. *Smith* v. *Smith,* 184 Mass. 394, 396. *Tyndale* v. *Stanwood,* 186 Mass. 59, 61. The only questions brought up having been whether the probate decree was wrong for any of the objections assigned as reasons of appeal, the decree entered by the single justice should be modified by directing the case to be remanded to that court for further proceedings, and when so modified it is affirmed with double costs to be paid by the appellant. *Cooney* v. *Whitaker,* 192 Mass. 596, 599.

*Ordered in each case accordingly.*