IDA F. CHURCHILL *vs.* FRED O. CHURCHILL.

Plymouth. May 23, 1921. — September 16, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court*, Decree, Order, Appeal. *Husband and Wife*, Separate maintenance.

A letter from a judge of the Superior Court to a clerk of the court giving directions for the entry of an " order " upon an appeal from a decree of the Probate Court in a proceeding under R. L. c. 153, § 33, for separate maintenance and containing no finding of facts is no part of the record before this court upon an appeal from that " order."

Practice, upon an appeal to the Superior Court from a decree of the Probate Court in a proceeding for separate maintenance under R. L. c. 153, § 33, was according to equity so far as practicable and applicable.

A decree of the Probate Court upon a petition by a wife under R. L. c. 153, § 33, for separate maintenance ordered the husband to pay her $12 per week and $30 counsel fees. The wife appealed to the Superior Court. No formal entry of a decree was made in the Superior Court, but a docket entry was made reading as follows: " Ordered that the respondent pay to the petitioner the sum of $17 per week, until the further order of this court, the first payment to be made June 13, 1920. It is further ordered that the respondent pay to the petitioner the sum of $30 forthwith as expenses in prosecuting her petition. This order entered as of June 9, 1920, Jan. 3, 1921." *Held,* that

(1) The docket entry contained all the matters of substance requisite for a final decree and was complete in detail;

(2) While it would have been better practice to have entered a final decree both in form and in substance, an appeal lay from the order appearing in the docket entry;

(3) The order for counsel fees appearing on the docket could not be said as a matter of law to have been an abuse of the power conferred by R. L. c. 153, § 35; c. 152, § 14, and was affirmed;

(4) It was clear that the order of the Superior Court as to the weekly payments was intended merely to increase the amount thereof from $12 to $17;

(5) Since, until the entering of the order in the Superior Court on January 3, 1921, the decree of the Probate Court remained in force under R. L. c. 162, § 19,

the order in the Superior Court did not carry out the intent of the court in that it would result in the respondent for the period from June 13, 1920, to January 3, 1921, paying $12 under the decree of the Probate Court and $17 under the order in the Superior Court;

(6) The Superior Court under R. L. c. 162, § 23; 153, § 33, had power to issue a decree *nunc pro tunc* to accomplish its intent;

(7) While the preferable procedure would have been for the Superior Court to have reversed so much of the decree of the Probate Court as required a payment to the petitioner of $12 a week beginning June 13, 1920, to order in place thereof a payment of $17 per week, and to remand the case to the Probate Court for proceedings in accordance with that order, in view of the fact that the Superior Court by its order had exercised its jurisdiction to retain power to enforce the decree, a decree should be entered in the Superior Court that from June 13, 1920, to January 3, 1921, the respondent pay to the petitioner $5 each week in addition to the $12 ordered by the Probate Court, and that thereafter he pay $17 each week.

PETITION, filed in the Probate Court for the county of Plymouth on August 1, 1919, under R. L. c. 153, § 33, for separate maintenance.

From the decree, described in the opinion, entered in the Probate Court by order of *L. E. Chamberlain,* J., the petitioner appealed to the Superior Court, where the petitioner filed a motion for counsel fees. The case was heard in the Superior Court by *Thayer,* J. Proceedings there are described in the opinion. The docket entry of January 3, 1921, referred to in the opinion, read as follows:

" Ordered that the respondent pay to the petitioner the sum of seventeen dollars per week, until the further order of this court, the first payment to be made June 13, 1920. It is further ordered that the respondent pay to the petitioner the sum of $30. forthwith as expenses in prosecuting her petition. This order entered as of June 9, 1920, Jan. 3, 1921."

The respondent appealed " from the finding and judgment entered on January 3, 1921."

The case was submitted on briefs.

*T. W. Prince,* for the respondent.

*W. G. Rowe,* for the petitioner.

RUGG, C. J. This is a petition by a wife against her husband for separate support under R. L. c. 153, § 33 (see now G. L. c. 209, § 32; St. 1921, c. 56). In the Probate Court a decree was entered to the effect that the wife for justifiable cause was actually living apart from her husband and ordering amongst other matters that

the husband pay her the sum of $30 for counsel fees and $12 each week for her support beginning with September 27, 1919. The wife appealed to the Superior Court. In that court she filed a motion that counsel fees be allowed to her.

There is set forth as a part of the respondent's appeal a letter from the judge to the clerk giving directions for the entry of an "order." That is no part of the record. *Cressy* v. *Cressy,* 213 Mass. 191. *Reno* v. *Cotter,* 236 Mass. 556, 561. It was not a finding of the facts. Hence it does not come within the rule of *Cohen* v. *Nagle,* 190 Mass. 4, 5. It ought not to have been printed. *Cohen* v. *Berkowitz,* 215 Mass. 68, 71.

A copy of the docket entries in the Superior Court has been furnished us. It there is shown that on January 3, 1921, an order was entered to the effect that the husband pay the wife forthwith $30 for counsel fees and $17 per week, the first payment to be made June 13, 1920, concluding with the words, "this order entered as of June 9, 1920." In actions at law the docket entries constitute the record until the full and extended record is made up. *Pruden* v. *Alden,* 23 Pick. 184, 187. *Read* v. *Sutton,* 2 Cush. 115, 123. *Washington National Bank* v. *Williams,* 190 Mass. 497, 503.

This is a probate appeal. In such cases the practice is according to equity so far as practicable and applicable. *Ensign* v. *Faxon,* 229 Mass. 231, 233. G. L. c. 215, § 21. In equity a docket entry is not a final decree. *Day* v. *Mills,* 213 Mass. 585, and cases collected at page 587. Compare *Merrill* v. *Beckwith,* 168 Mass. 72, and *Snell* v. *Dwight,* 121 Mass. 348. The better and more satisfactory practice respecting interlocutory matters is that a decree be entered, but orders of that nature have been held subject to review on appeal when the case is otherwise ripe for consideration by the full court. *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, and cases cited at page 33. That practice has never been established as to decrees finally disposing of the controversy on its merits. A final decree is necessary to bring the suit to an end. Suits in equity cannot properly be brought before this court as of right upon any appeal except from a final decree. A simple order, however decisive in its terms, is not enough. *Hutchins* v. *Nickerson,* 212 Mass. 118, 120. See *Weil* v. *Boston Elevated Railway,* 216 Mass. 545. G. L. c. 214, §§ 19, 26. An order for final

disposition of the case on its merits imports by its very nature that it is to be followed and made effective by the entry of a formal final decree, but that it is not itself such decree.

The mere title, whether order or decree, is of no consequence. The substance is the decisive thing. Frequently the ultimate decision of cases of this sort has been termed an "order." See, for example, *Bigelow* v. *Bigelow,* 120 Mass. 320; *Buckman* v. *Buckman,* 176 Mass. 229. The statute conferring this jurisdiction refers to the manifestation of the decision of the court as an "order," although in the last clause the words "new order or decree" occur. G. L. c. 209, § 32. Commonly an order of a court is shown by a docket entry and not by a separate and formal decree.

A decision for the payment of a fixed sum of money already due to the wife for past support is now regarded as final under the full faith and credit clause of the Federal Constitution, although an order for future support, being ordinarily liable to modification by the court at any time upon proper cause shown, is not a final order for the payment of a fixed sum. *Page* v. *Page,* 189 Mass. 85. *Wells* v. *Wells,* 209 Mass. 282. *White* v. *White,* 233 Mass. 39. *Sistare* v. *Sistare,* 218 U. S. 1.

Weekly payment for separate support is a subject which inherently cannot be disposed of finally as to the future. Circumstances may change so as to require modification. *Smith* v. *Smith,* 190 Mass. 573. A decree on that point is for the time being decisive upon the parties. Such an order has been called "a final adjudication of all matters stated in the petition. . . ." *Harrington* v. *Harrington,* 189 Mass. 281, 283.

The docket entry in the case at bar contains all the matters of substance requisite for a final decree and is complete in detail.

With some hesitation we hold that appeal lies from such an order. G. L. c. 231, § 96. It would be much better practice, however, to enter a final decree both in form and substance in cases of this sort.

The order for counsel fees was interlocutory in its nature. It was within the power of the Superior Court. R. L. c. 153, § 35; c. 152, § 14. It cannot be said as matter of law on this record that the power was abused. That part of the order may stand.

The order for the payment of $17 each week was made *nunc pro*

*tunc* to take effect about seven months before its actual entry. It was provided in R. L. c. 162, § 19, in force at the time of the decree in the Probate Court and the appeal to the Superior Court, (continued in force under G. L. c. 281, § 4, as to the case at bar notwithstanding St. 1919, c. 274; see now G. L. c. 215, §§ 9 *et seq*,) that a decree of the Probate Court in such a proceeding "shall have effect, notwithstanding an appeal, until otherwise ordered by a justice of the Superior Court." It follows that during the period covered by the *nunc pro tunc* order the respondent was actually liable for the payments required by the Probate Court decree. *Rice* v. *Rice*, 184 Mass. 488, 491. That court had the usual power to enforce its decree pending action in the Superior Court. For aught that appears these payments have been made or execution issued for their collection. *Bell* v. *Walsh*, 130 Mass. 163. In any event the liability of the husband therefor is established.

The inference is irresistible that it was intended by the Superior Court to increase the weekly payment from $12 fixed by the Probate Court to $17. The form of the order in conjunction with the decree of the Probate Court did not accomplish that result. The Superior Court was authorized to reverse or affirm in whole or in part the decree of the Probate Court and to enter such decree as the Probate Court ought to have entered. R. L. c. 162, § 23. R. L. c. 153, § 33. It follows from this statutory power that the Superior Court was authorized to order an increase in the weekly payment over and above that decreed by the Probate Court. This might have been accomplished by a *nunc pro tunc* order in appropriate form. *Perkins* v. *Perkins*, 225 Mass. 392. There is nothing inconsistent with the exercise of such power in *Smith* v. *Smith*, 184 Mass. 394, or *Doole* v. *Doole*, 144 Mass. 278. One proper form to carry out the decision of the Superior Court would have been to reverse so much of the decree of the Probate Court as required the payment of $12 each week and to insert in place thereof $17 per week from June 9, 1920, the first payment to be made on June 13, 1920, and to remand the cause to the Probate Court for further proceedings not inconsistent therewith. *Burroughs* v. *Wellington*, 211 Mass. 494. That is the preferable form, for the reason that the cause thus continues to be pending in the Probate Court after the entry of the order of the Superior Court for application by either party for modification as occasion may

require. *Smith* v. *Smith*, 184 Mass. 394, 397, 398. The order in the case at bar did not follow that form. It was such that the Superior Court retained power to enforce it instead of providing for its enforcement in the Probate Court. *Smith* v. *Smith*, 184 Mass. 394, 398. Having made an order in that form, the Superior Court was bound so to frame it as not to overlap or to conflict with the outstanding decree of the Probate Court. The decree of the Probate Court for $12 each week being outstanding, unaffected by the appeal, the effect of the form of order of the Superior Court was to require the payment of the sum of $17 each week in addition to the $12 required by the Probate Court. There were thus outstanding two different orders of the two different courts covering the same period. Manifestly that is not the result intended. Since the order must be reversed, a decree may be entered to the effect that from June 9, 1920, to January 3, 1921, the respondent pay to the petitioner the sum of $5 per week in addition to the sum ordered paid by the Probate Court, and that from and after January 3, 1921, until the further order of the Superior Court, the sum of $17 per week, instead of $12, be paid by the respondent to the petitioner.

*So ordered.*