*Municipal Court of the City of Boston*

No. 389861

**MARION M. BECKFORD**

v.

**NOEL BECKFORD**

(August 22, 1955)

*Barron, J.* This is an action under Chapter 273A of the General Laws of the Commonwealth of Massachusetts, as enacted on June 8, 1954 and titled, "Uniform Reciprocal Enforcement of Support" wherein the petitioner seeks to recover support for herself and three minor children under a petition dated August 3, 1954 which was filed in the State of New York and forwarded to the Commonwealth of Massachusetts, and the certificate from the court of the initiating state.

The respondent having been served in accordance with the law, has hereto appeared through counsel and filed an answer.

The Petitioner's case was outlined to the court and evidence was presented to show that she receives $104.90 a month from the Department of Public Welfare in New York for the support of herself and three children, ages 10 years; 7 years; and 4 years respectively; that petitioner has an arrested case of tuberculosis, and the oldest child, a rheumatic heart; that respondent has not lived with his family since November, 1951; and that the last money received from the respondent was $15.00 in April, 1954.

The respondent testified in direct examination that he resides at 15 Wellington Street, Boston, Massachu-

setts, in a roominghouse which he is purchasing; that there is at the present time a $6,000.00 mortgage on said property; that the respondent's only source of income and employment at the present time is the management of this property; that he has sought other employment but has been unable to obtain the same; that his income from said property is $222.00 per month and that his expenses out of the same are $188.40, representing payment of two mortgages, gas, fuel, electricity and other utilities and furnishings; that he has a net income of $31.60 per month plus his room and board; that he has requested the petitioner to come to Boston, Massachusetts, to live with him but that she has failed and refused to do so; that he is unable to pay the petitioner more than $7.00 per week.

Under questioning by the court, the respondent stated that he has been unemployed since around March, 1954 and has not been looking for work of late on the grounds that he is a garment clerk and jobs in this field are limited; that he is in good health and able to work; and that he has approximately four roomers in his house.

At the close of the hearing, the respondent submitted requests for rulings.

On January 13, 1954, the court entered a decree on said petition ordering the respondent to pay the petitioner $20.00 weekly for the support of his three children.

The respondent claimed to be aggrieved by the court's refusal to rule that Chapter 273A, Acts of 1954 of the Massachusetts General Laws, is unconstitutional; and that the respondent was unable to pay more than $7.00 per week for the support of his family; and, that any order for the support of the petitioner's family in an amount of more than seven dollars will be unreasonable.

It is the policy of this court not to question the constitutionality of a statute, or to declare an act of the Legislature invalid, unless it is palpably uncon-

stitutional. This should be the province of the Supreme Judicial Court.

The "Uniform Reciprocal Enforcement of Support Law" is now recognized reciprocally in forty-seven of the forty-eight states. Its constitutionality has been declared in cases in Pennsylvania and in California. *Commonwealth of Pennsylvania, v. Shaffer*, 103 Atlantic 2nd 430; *Commonwealth of Pennsylvania v. Warren*, 105 Atlantic 2nd 488; See *Bigelow v. Bigelow*, 120 Mass. 320; *Buckman v. Buckman*, 176 Mass. 229; (Cited in Comm. of Pa. v. Warren, supra) *Smith v. Smith*, 270 Pacific 2nd 613 (California).

The court properly denied the request for the ruling of the respondent that any order for the support of the petitioner's family in any amount of more than seven dollars will be unreasonable. This is a question of fact.

Even though the court allowed the ruling requested by the respondent that no testimony was offered other than that by the respondent as to the respondent's ability to support his wife, the trial justice was not bound to believe the testimony of the respondent. It does not follow as a matter of law that because the respondent says he was unable to support his wife and three minor children, the court must make such a finding of fact of inability to support on the part of the respondent.

The evidence showed that the respondent was in good health and able to work. He testified that he had not been looking for work recently because he is a clerk and "jobs in this field are limited", but that he operated a lodginghouse and that his net income was $33.60 a month.

Obviously, the ability of the respondent to pay a specific sum weekly towards the support of his wife and children was not to be determined solely on the basis of what the respondent testified he was able to do. Further it seems unlikely that the respondent would conduct as his sole occupation, a lodginghouse where he earned less than eight dollars a week

net. But even if this testimony of the amount of earnings was believed by the trial court it does not necessarily follow that the amount of his earnings was the extent or test of his ability to support his family. The court could find as a fact that the respondent was not exerting his best efforts in looking for work to earn more money.

It is not an abuse of discretion by the trial justice to find that a father and husband who is in good health and able to work has the ability in this day and age to pay more than seven dollars a week for the support of his family.

Whether or not an order for the support of the family in an amount of more than seven dollars is reasonable depends on the ability of the respondent to pay, and the needs of the family. The court as a fact finding tribunal has already properly found that the respondent has ability to pay more than seven dollars a week. The only question left is whether the court was unreasonable as a matter of law, in ordering the respondent to pay twenty dollars weekly to support a wife who has arrested tuberculosis, a child who has a rheumatic heart, and two other minor children. It is obvious that seven dollars a week would not even provide base subsistence for one well person, let alone a family of three children and one adult, two members of the family needing special care.

What is just and reasonable depends upon all the circumstances of the case and rests to a considerable extent in the discretion of the trial judge. *Long v. George*, 296 Mass. 574, 579; *Graves v. Graves*, 108 Mass. 314, 318; *Coe v. Coe*, 313 Mass. 232; *Commonwealth v. Reilly*, 248 Mass. 1, 5; *Whitney v. Whitney*, 325 Mass. 28.

That necessitates an inquiry into the matrimonial conduct of the wife, the comparative means, responsibilities and needs of both husband and wife, and all the circumstances that a fair minded person would consider in apportioning the income of the disrupted

family. *Pinner v. Temple*, 291 Mass. 406; *Dolan v. Brooks*, 168 Mass. 350, 353.

*Report dismissed.*

Henry L. McNulty, for the petitioner.
James A. Bailey, for the respondent.