## CROW AND WIFE *vs.* BLAKEY'S EXECUTOR.

[APPLICATION FOR PROBATE OF WILL.]

1. *Withdrawal of application for probate.*—Where a will is propounded for probate, and contested by one of the heirs-at-law and distributees, the court may allow the proponent, on the day set for the hearing, to withdraw his application.

APPEAL from the Probate Court of Bibb.

IN the matter of the last will and testament of Joseph A. Blakey, deceased, which was propounded for probate by Henly G. Sneed, one of the executors therein named, and contested by the appellants. On the day appointed for the trial of the contest, the court allowed the proponent to dismiss his application ; to which the contestants excepted, and which they now assign as error.

I. W. GARROTT, for the appellants.

J. R. JOHN, *contra.*

STONE, J.—In Roberts v. Trawick, 13 Ala. 68, this court held, that in a contest in the probate court on the validity of a will, the proponent had not the right to suffer

a nonsuit, under the act of the 4th February, 1846, with a view to submitting a motion in this court to set that nonsuit aside.

We subsequently held, that after a will had been propounded, and an issue made up to try its validity, the probate court committed no error in refusing to allow the proponent to withdraw from the contest, and become a witness in favor of the will. Even where there were two proponents, and the probate judge refused to permit one to withdraw and testify,—the other offering to deposit a sum of money sufficient to cover the costs,—we held his ruling free from error.—Gilbert v. Gilbert, 22 Ala. 529 ; Deslonde & James v. Darrington, 29 Ala. 92.

In the case last cited, we said : "Though the probate of a will is a proceeding *in rem*, yet, under our system, when there is a contest, it partakes somewhat of the nature of a proceeding *inter partes*, or *in personam*. The sections of the Code * * * assimilate it, in many respects, to ordinary suits at law." In another place we said, "If his testimony was desired on the trial, he should not have been made a party plaintiff on the record."

Neither of the cases above cited raises the precise question which is presented on this record. In this case, there was no motion for a nonsuit, with a view to a revision in this court ; neither was there a motion to permit the proponent to withdraw, leaving the contest still pending, that such proponent might be offered as a witness in the very proceeding which he had set on foot. The motion in this case, which was granted by the probate judge, was for leave to dismiss the proceedings. What motive prompted the motion, we are not informed. Under the rule which we have declared in Deslonde & James v. Darrington, *supra* —viz., that the proponent and contestant become the *parties* plaintiff and defendant—we think the action of the probate court, in permitting the proponent to dismiss his proceedings, can furnish no ground of reversal in this court.

The judgment of the probate court is affirmed.
47