## N. S. ROBINSON *vs.* PETER MASTERSON.

Middlesex.    Nov. 13, 1883. — Feb. 29, 1884.    C. ALLEN & HOLMES, JJ.,
absent.

In an action upon a recognizance, given by an appellant from a judgment of an
inferior court for damages and costs, under the St. of 1877, *c.* 236, § 1, requiring
him " to enter and prosecute his appeal with effect, and to satisfy any judgment
which may be entered against him in the Superior Court upon said appeal for
costs," upon an entry of judgment for the penal sum of the recognizance, the
appellee is not entitled to have execution issue for the amount of the original
judgment, including costs, but only for the amount of the costs arising after the
appeal.

W. ALLEN, J.    This is an action upon a recognizance, entered
into under the St. of 1877, *c.* 236, § 1, by a defendant, upon an
appeal by him from a judgment of a district court for damages
and costs.    The condition is, as required by the statute, that
the appellant shall enter and prosecute his appeal with effect,
and satisfy any judgment which may be entered against him in
the Superior Court, upon his appeal, for costs.    The appellant
did not enter his appeal, and, upon the petition of the appellee,
the Superior Court affirmed the judgment appealed from, and
entered judgment for the damages and costs recovered in the
district court, and for costs which accrued after the appeal.
Judgment was entered in the Superior Court in this suit for
the penal sum of the recognizance ; and the question for what
amount execution shall issue is reported for our determina-
tion.

The plaintiff contends that, for breach of the condition that
the appellant shall enter and prosecute his appeal with effect,
execution should issue for the whole amount of the original
judgment.    But the plaintiff is now in the same condition he
would have been in had the appellant prosecuted his appeal.
The plaintiff has the same judgment, and the same rights by
virtue of it, that he would have had if the appellant had entered
his appeal and prosecuted it with effect by becoming defaulted.
Whatever may be the meaning and effect of this condition, it is
plain that the breach of it has given to this plaintiff no right to
recover the amount of the original judgment in an action upon
the recognizance.

The plaintiff further contends that the costs mentioned in the condition include costs incurred before, as well as those arising after, the appeal. We think that costs arising after the appeal are intended by the statute, and that the plaintiff cannot have execution for the costs which formed part of the original judgment. The St. of 1783, *c.* 42, § 6, which was in force until the Revised Statutes took effect, in 1836, required a recognizance before the allowance of an appeal, with a condition " to pay all intervening damages and costs, and to prosecute his appeal with effect." The commissioners on the revision of the statutes recommended that no recognizance should be required upon appeal, giving as a reason that it furnished no additional remedy against the appellant himself, and that the requirement might prevent a man who was poor and friendless from obtaining justice. As enacted in the Rev. Sts. *c.* 85, § 14, a recognizance should be given if required by the adverse party, and the condition should be " to prosecute his appeal with effect, and to pay all such costs as may arise after the appeal." This was reënacted in the Gen. Sts. *c.* 120, § 26, and continued in force until the St. of 1877, *c.* 236, under which the recognizance in suit was given. Under the General Statutes, it was held that no recognizance need be given unless required by the adverse party. *McKeag* v. *O'Donnell*, 10 Allen, 543. The St. of 1877 provided that no appeal should be allowed unless the appellant recognized. There are other provisions concerning appeals, but none material to the question under consideration. The obvious and material change made by it in regard to the recognizance was in requiring that it should be given without any request of the appellee, thus returning to the law as it was before the Revised Statutes. The change in the language of the condition was with intent to improve its form, and not to alter its meaning. The requirement " to enter and prosecute his appeal with effect," has the same meaning as " to prosecute his appeal with effect ; " and a judgment for costs by the Superior Court was necessary to show a breach of the condition in the former statutes " to pay all such costs as may arise after the appeal." *Hobart* v. *Hilliard,* 11 Pick. 143. We think that the words in the St. of 1877, " satisfy any judgment which may be entered against him in the Superior Court upon said appeal for costs," were intended to express the

construction of the words of the prior statutes, "pay all such costs as may arise after the appeal." The intention was to continue the long-established liability for costs consequent upon the appeal, and for which a new and original judgment of the Superior Court was required, rather than to create, as a new condition of the right of appeal, a new liability for costs which formed part of the judgment appealed from, which might be merely affirmed by the appellate court.

The result is, that execution should issue for the amount of costs arising after the appeal, $10.55, and interest.

*Ordered accordingly.*

*S. A. Phillips*, for the plaintiff.
*G. C. Travis*, for the defendant.