MYRON L. DERICK *vs.* WILLIAM R. TAYLOR.

Suffolk.    November 19, 1897. — June 23, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Appeal from Municipal Court — Discontinuance.*

In an action in the Municipal Court of the city of Boston the judge found for the defendant and judgment was entered in his favor, from which the plaintiff appealed to the Superior Court to be held on the first Monday of July, 1896. On October 14 following, the plaintiff filed a discontinuance. Two days thereafter the defendant moved that the judgment of the Municipal Court be affirmed, on the ground that the plaintiff had failed to prosecute his appeal; and judgment was so affirmed. *Held,* that the appellant had a right to discontinue as he did, and that in entering the appeal and prosecuting it to the discontinuance he prosecuted it with effect as required by the statute.

CONTRACT, brought in the Municipal Court of the city of Boston. The judge having found for the defendant, judgment was entered in his favor, and the plaintiff appealed to the Superior Court to be held on the first Monday of July, 1896. On October 14, 1896, in the Superior Court, the following discontinuance was filed by the plaintiff: "The plaintiff discontinues the above entitled action."

On October 16, 1896, the following prayer was entered by the defendant: "Now comes the defendant and complains that this action was originally brought in the Municipal Court of the city of Boston, and that judgment herein was rendered for the defendant in said Municipal Court for costs; that the plaintiff appealed to this court, as more fully appears from the record of said action, and that the plaintiff has failed to prosecute his said appeal. Wherefore the defendant prays that the judgment of said Municipal Court be affirmed." *Sheldon,* J., affirmed the judgment, and the plaintiff appealed.

The case was argued at the bar in November, 1897, and afterwards was submitted on briefs to all the justices.

*C. W. Rowley*, for the plaintiff.

*C. F. Choate*, Jr., for the defendant.

MORTON, J. At common law the plaintiff could discontinue or become nonsuit as of right at any time before verdict, if not at any time before judgment. *Washburn* v. *Allen*, 77 Maine, 344. *Judge of Probate* v. *Abbot*, 13 N. H. 21. *Benton* v. *Bellows*, 61 N. H. 107. *Wooster* v. *Burr*, 2 Wend. 295. *Merchants' Bank* v. *Schulenberg*, 54 Mich. 49, 54. *Keat* v. *Barker*, 5 Mod. 208. *Outhwaite* v. *Hudson*, 7 Exch. 380. Co. Lit. 139 a. Bac. Abr. Nonsuit (D). 16 Am. & Eng. Encyc. of Law, 723.

This resulted, in part at least, from the fact that anciently, unless the plaintiff continued the process regularly from day to day or from time to time, the proceedings came to a stop; that is, they were discontinued, and he was obliged to begin again. 3 Bl. Com. 296. In part it probably resulted from the objection to compelling a plaintiff to go on with a suit which, for some good reason, he did not wish to go on with, (Co. Lit. 139 a,) and the difficulty of forcing him to appear. Generally speaking he would be mulcted in some form for his failure to proceed, and if he saw fit to submit to that burden rather than go on, he was permitted to do so. In this Commonwealth, however, as well as in Maine and New Hampshire, and possibly in other States, it has been held that a plaintiff cannot discontinue or become nonsuit as of right after the trial has begun, but that he may discontinue or become nonsuit as of right at any time before the trial has begun. *Haskell* v. *Whitney*, 12 Mass. 47. *Locke* v. *Wood*, 16 Mass. 317. *Shaw* v. *Boland*, 15 Gray, 571, 572. *Truro* v. *Atkins*, 122 Mass. 418. *Burbank* v. *Woodward*, 124 Mass. 357. *Kempton* v. *Burgess*, 136 Mass. 192. These cases would seem to be decisive of the case at bar, unless there is a difference between a case originally entered in the Superior Court, and one brought there by appeal from the Municipal Court of Boston. We discover no such difference. Appeals from the Municipal Court of Boston stand on the same footing as appeals from trial justices. Pub. Sts. c. 154, §§ 39, 43. In reference to these it is provided that " the case shall be entered, tried, and determined in the court appealed to in like manner

as if it had been originally commenced there." Pub. Sts. c. 155, § 28. It is plain therefore, we think, that the plaintiff had the same right to discontinue which he would have had if the case had been entered in the Superior Court originally. The fact that the defendant had judgment in the Municipal Court is immaterial. The appeal vacated the judgment, and opened the whole case to be dealt with in the appellate court as if it had been originally brought there, and the plaintiff could try it or discontinue it as he saw fit. *Fels* v. *Raymond*, 134 Mass. 376. *Ball* v. *Burke*, 11 Cush. 80. *Gardner* v. *Michigan Central Railroad*, 150 U. S. 349. *Merchants' Bank* v. *Schulenberg*, 54 Mich. 49.

The filing of the written discontinuance operated *ex proprio vigore*, and without anything more to discontinue the action. *De Wolf* v. *Sprague Manuf. Co.* 12 R. I. 133. There is no statutory restriction of the right of discontinuance or nonsuit except in the case of set-off. Pub. Sts. c. 168, § 21. In case a second suit is brought for the same cause of action before the costs of the nonsuit or discontinuance have been paid, the court may order it stayed till the costs are paid, and may order it to be dismissed if they are not paid within the time appointed. Pub. Sts. c. 198, § 13.

It is urged, however, that the statute not only requires that the appeal should be duly entered, but also that it should be prosecuted with effect, and that the discontinuance operated as a failure to comply with this provision, and gave the court power on complaint of the adverse party to affirm the former judgment. The appellant entered the appeal, and prosecuted it till the discontinuance, the effect of which was to entitle the appellee to judgment for his costs. The appellant, therefore, prosecuted the appeal with effect. *Hobart* v. *Hilliard*, 11 Pick. 143. If the statute had provided, as that for instance in regard to writs of review does, that the case should be prosecuted to final judgment, it is possible that a discontinuance would operate as a failure to comply with the statute, and that the Superior Court would have power to affirm the former judgment. Pub. Sts. c. 187, § 38. *Hicks* v. *Atkins*, 4 Mass. 103. But that is not the statute. There is an early case, *Little* v. *Holdin*, Quincy, 338, in which, under a statute similar to those now in force, the former judgment was affirmed on complaint,

because, after entering the appeal, the appellant failed to appear and prosecute it. The case is briefly reported, and does not appear to have been much' considered, and the later case of *Hobart* v. *Hilliard*, *ubi supra*, which has been referred to with approval in *Shaw* v. *McIntier*, 5 Allen, 423, and in *Robinson* v. *Masterson*, 136 Mass. 560, decides that what the defendant did in this case constituted a prosecution of the appeal with effect, and is inconsistent with the case reported in Quincy.

The Superior Court had no power, therefore, to affirm the former judgment. The result is that a majority of the court think that the judgment of the Superior Court must be set aside, and judgment entered for the appellee for his costs only.

*So ordered.*