JOHN WARD vs. BOARD OF ALDERMEN OF NEWTON
& others.

Middlesex. March 10, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Certiorari. Assessments.*

A writ of certiorari can issue only to correct errors of law apparent on the face of the record when properly extended. A respondent may be allowed to show by matter outside the record that justice requires the refusal of the writ, and if he does so the petitioner may reply to such extraneous facts, but he can do no more.

On a petition for a writ of certiorari directed to the aldermen of a city to quash assessments for street watering under St. 1897, c. 419, § 2, an allegation in the answer of the respondents, that they based their assessment upon a determination that it was less than the cost and less than the benefit conferred, cannot be controverted, and the fact that the answer goes on to allege facts justifying the judgment of the respondents does not make admissible evidence on the part of the petitioner to vary the record, the judgment of the board being conclusive except so far as the record may disclose that it was beyond their power or involved error of law.

HOLMES, C. J. This is a petition for a writ of certiorari to quash assessments for street watering in front of three tracts of the petitioner's land. The assessment was by the front foot under St. 1897, c. 419, § 2. The petition alleges facts which make it seem unlikely that the two lots on Beacon Street, which alone are in question before us, could have received any benefit, or at least a benefit equal to the amount of the tax, and the record proper discloses no preliminary adjudication by the board that there was such a benefit. The return or answer alleges, however, that the assessment was much less than the cost and less than the benefit conferred, and, what is more important, that the board based their determination upon these facts. The answer also sets forth various facts intended to corroborate the conclusion of the board, and the allegations are traversed and replied to by the petitioner. When the case came on for hearing, the petitioner desired to go into evidence upon these matters and excepted to a ruling which excluded it.

Both parties seem in their pleadings to have lost sight of the scope of certiorari as explained in *Farmington River Water*

*Power Co.* v. *County Commissioners*, 112 Mass. 206, and *Tewksbury* v. *County Commissioners*, 117 Mass. 563. The writ can issue only to correct errors of law apparent on the face of the record when properly extended. But, as the petition for the writ is addressed to the discretion of the court, a respondent sometimes may set up extraneous matters which show that, even if the record does disclose an error, still justice does not require it to be quashed. The application is made to a single judge, and he can go into evidence at that stage. If the extraneous matters are proved and are sufficient, the judge will secure justice by refusing to issue the writ. He necessarily deals with the matter in this way, outside the record proper, because at a later stage, when the writ has issued, such facts are immaterial. If the record discloses error, it must be quashed. There is no choice, except so far as the common law is modified by statute. Pub. Sts. c. 186, § 9. R. L. c. 192, § 4. Other instances are familiar to the law, in which, to avoid an improper use of technical rules, the court makes a preliminary inquiry of fact upon a matter which could not be pleaded. *Troeder* v. *Hyams*, 153 Mass. 536, 538.. If then such facts are set up against the preliminary step of issuing the writ, the petitioner may answer them. But that is all. As a general rule at least, he cannot make a case outside the record; he can do no more than reply to matters touching the discretion of the court. This is obvious not only from the authorities cited but from the reason of the thing. For, supposing the writ to issue, nothing then would be before the court except the writ and the tenor of the record returned. This court could not retry the case but could only quash, or affirm, or in the statutory way modify the proceedings as they appeared bad or good on inspection. See further *Rutland* v. *County Commissioners*, 20 Pick. 71, 77, 78; *Mendon* v. *County Commissioners*, 5 Allen, 13, 16; *Commissioners of Highways* v. *Harper*, 38 Ill. 103, 107. Of course in a proper case the petitioner, upon alleging errors of law, may have made, by way of extending the record, such a statement of the material facts and the rulings of the inferior tribunal as will enable the court to determine the questions of law. *Mendon* v. *County Commissioners*, 2 Allen, 463.

In the case at bar, the allegation in the answer that the re-

spondents based their assessment upon a determination that it was less than the cost and less than the benefit conferred supplied a fact that did not appear unless by implication in the record proper. This allegation could not be and was not controverted. But when the answer went on to allege facts justifying the judgment of the respondents, it gave an invitation to retry their decision which the petitioner naturally was not slow to accept, but which the judge very properly declined to allow to be carried out. The judgment of the board was conclusive except so far as the record disclosed that it was beyond their power, unless for error of law in the finding and no such error was alleged.

The return appended a map of the premises assessed, and it appeared from inspection that one of the petitioner's lots had a front of three hundred and ninety feet and a depth varying from fifteen feet to eighteen inches. The single justice thought it manifest that the assessment on this lot could not be valid under *Sears* v. *Boston*, 173 Mass. 71, 79, 80, and *Weed* v. *Boston*, 172 Mass. 28, 32. With that we have nothing to do. But he rightly held that there was nothing before him to show that the other assessments were bad, as matter of law, under those decisions, or in minor points under St. 1897, c. 419, §§ 2, 3. See further *French* v. *Barber Asphalt Paving Co.* 181 U. S. 324, and following cases, through p. 404. The only question before us, however, is whether the exclusion of evidence in support of the petition and traverse was proper. For the reasons which we have given, we are of opinion that it was right.

*Exceptions overruled.*

*J. E. Bates*, for the petitioner.

*W. S. Slocum*, for the respondents.