ALBERT G. MORSE & another, trustees, *vs.* STREET COMMISSIONERS OF THE CITY OF BOSTON.

Suffolk. December 6, 1907. — February 25, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Tax*, Betterment. *Statute. Constitutional Law. Boston. Certiorari.*

St. 1906, c. 393, § 9, relating to the assessment of betterments for street improvements in Boston, provides as follows : "This act shall not apply to any such improvement completed . . . before the passage of this act, nor to any such improvement ordered before the passage of this act so far as the act requires that said board of street commissioners shall estimate on the same day on which the order for the improvement is passed the benefit . . . to each parcel of real estate. . . . All such improvements ordered to be made before [the date when St. 1902, c. 521, went into effect], the construction of which was not completed until after that date, are to be assessed under this act or under [that]. . . ." *Held*, that these provisions permit an assessment of benefits accruing to estates abutting on Columbia Road, a street in Boston, an order for the laying out and construction of which was passed in 1897, and the work of constructing which was finished in 1905.

Acting under St. 1906, c. 393, § 5, relating to the assessment of the benefit accruing to each parcel of real estate beyond the general advantage to all real estate in the city from the laying out and construction or improvement of a street in Boston, the board of street commissioners determined that the total value of the special benefit resulting from the laying out and construction of a certain street was $300,000, which was less than one third of the amount which the city had had to pay for land damages alone, and, not deeming it necessary, did not consider the amount or the legality of the expenditures made in the course of construction by the superintendent of streets. One upon whose land an assessment for benefits was made petitioned for a writ of certiorari to quash the proceedings of the board, alleging that there had been illegal and improper expen-

ditures by the superintendent of streets. *Held,* that the objection to the assessment could not prevail since in this case, the total amount of the assessment being less than the cost of the construction exclusive of the expenditures, the legality and propriety of which were questioned, the question of whether or not there were such illegal and improper expenditures was immaterial.

St. 1906, c. 393, §§ 5-9, relating to assessments for special benefits which accrue to certain land in Boston from the laying out, construction or improvement of streets beyond the benefit which accrues to other real estate in the city, are constitutional, and assessments made thereunder within two years after the work of construction of a certain street was completed in 1905, the order laying out the street having been made in 1897, are legal, although the ownership of the land may have changed since the order laying out the street, or even since the completion of the work and before the assessment, the tax being assessed upon the land and not upon the owner.

PETITIONS for a writ of certiorari against the board of street commissioners of Boston to quash their proceedings in assessing betterments for the construction of Columbia Road, filed October 9, 1907.

Paragraphs ten to thirteen, inclusive, of the petitions contained allegations in support of the contention described in the fourth paragraph of the opinion. The respondents in their return stated that they had determined as the special benefit and advantage to all the estates abutting on Columbia Road the sum of $296,443.69, which they determined as the assessable cost, and which was much less than one half of the amount which the board itself knew had been expended for land damages, and that, therefore, it was immaterial, in their opinion, whether or not any part of the sum certified by the superintendent of streets to have been expended on construction had been illegally expended, and that they made no inquiries concerning the details of said expenditures, and were ignorant of the manner in which the work was done and of the truth or falsity of any of the matters set forth in paragraph ten of the petition. The petitioners filed a motion for a further return of the respondents with regard to paragraphs ten to thirteen of the petition. There was a hearing before *Loring,* J., who denied the motion, refused to admit evidence in support of paragraphs ten to thirteen of the petition and, the petitioners excepting, reserved the case for determination by the full court.

Other facts are stated in the opinion.

*G. W. Anderson,* (*A. E. Lunt* with him,) for the petitioners.

*T. M. Babson,* for the respondents.

KNOWLTON, C. J.  These are petitions for a writ of certiorari to quash an assessment of betterments for the construction of Columbia Road in Boston.  The cost of the improvement was $1,800,000, and the amount of the entire assessment was $296,443.69.  The assessment was made under the St. 1906, c. 393, § 9.  The order laying out the street and directing its construction was passed on August 31, 1897.  The work of construction was finished on May 6, 1905.

The first question is whether the statute referred to authorized the making of an assessment for this improvement.  The statute is as follows:  " Section 9.  This act shall not apply to any such improvement completed by said city before the passage of this act, nor to any such improvement ordered before the passage of this act so far as the act requires that said board of street commissioners shall estimate on the same day on which the order for the improvement is passed the benefit or advantage to each parcel of real estate from the whole or a part of the improvement, and this act shall not affect any assessment heretofore made therefor or the making of any assessment therefor, or the collection of any such assessment.  All such improvements ordered to be made before the twenty-seventh day of June, nineteen hundred and two, the construction of which was not completed until after that date, are to be assessed under this act or under chapter five hundred and twenty-one of the acts of the year nineteen hundred and two, but the omission to make any estimate of the benefit or advantage by an order passed the same day the improvement was ordered shall not in any way invalidate or affect the assessment."  This act (§ 2) and also the St. 1902, c. 521, which it superseded, required the street commissioners to estimate, on the same day on which the order for the improvement was passed, the benefit or advantage to each parcel of real estate from the whole or ∝ part of the improvement.  Presumably all orders for such improvements made after June 27, 1902, contained such an estimate.  Both parts of the quoted section relate to orders passed without such an estimate, and in that respect they seem to refer to improvements ordered under earlier statutes.

Standing alone, the first sentence of the section is ambiguous. It might mean that the act shall not apply at all to an improvement completed before the passage of the act, or it might mean

that the first clause of the sentence, like the second clause, is qualified by the words "so far as the act requires that said board of street commissioners shall estimate on the same day on which the order is passed, the benefit," etc.  The second sentence seems to make the meaning plain, and to show that the qualification applies to the first clause of the sentence as well as to the second clause.  This says explicitly that, "All such improvements, ordered to be made before the twenty-seventh day of June, nineteen hundred and two, the construction of which was not completed until after that date are to be assessed under this act," etc.  This includes the present case, and we hold that the section was intended to authorize assessments for improvements ordered under earlier statutes.

The petitioners allege that the statutes as to the method of making contracts and doing the work were not complied with, and contend that for this reason no assessment can be made. The statutes considered and the doings of the street commissioners in *Warren* v. *Street Commissioners*, 181 Mass. 6, were materially different from those in the present case.  The St. 1894, c. 416, § 3, under which they acted in that case, provide that said board shall assess "a proportional share of said cost upon the real estate which said board shall adjudge receives any benefit and advantage from such laying out and construction, or either of them, . . . beyond the general advantages to all real estate in said city," etc.  This cost was the entire cost of the improvement, and the board proceeded to determine it, including the cost of a large amount of work done in violation of the statute, and to assess a proportional part of it upon the estates benefited.

The St. 1906, c. 393, § 5, is in part as follows: "Said board within two years after the completion of any improvements specified in section two shall determine the value of the benefit or advantage aforesaid to each parcel of real estate beyond the general advantage to all real estate in the city, from the whole or a part of the improvement, shall determine as the assessable cost of the improvement such part, not exceeding one-half, as the board shall deem just, of the expenses incurred by the city for such whole or part of the improvement, . . . and shall assess on each parcel a proportional share of said assessable cost, not

exceeding the value of said benefit to the parcel as estimated or determined as aforesaid." The first thing that the board is required to do is to determine the value of the benefit, and this not necessarily the benefit from the whole improvement, but from the whole or any part of it. They are then to determine, as the assessable cost, such part of the expenses incurred by the city for such whole or part of the improvement, not exceeding one half, as they shall deem just. In the present case, after determining the value of the special benefit, the board deemed it just to fix the assessable cost at a sum which was very much less than one half, indeed, less than one third, of the expenses incurred by the city for land damages alone. They say in their return that they did not deem it necessary to consider the cost of construction in detail, or to inquire whether any part of the sum certified by the superintendent of streets was illegally expended or not, and that they made no inquiry in regard to it. We are of opinion that they were right in their view that, under this statute, upon the other facts and findings, they did not need to ascertain whether the methods of construction were legal or illegal. This question had nothing to do with the amount of the special benefit. Knowing that the amount of the land damages paid was more than three times the whole special benefit, the board might well deem it just to determine the assessable cost as the entire amount of the special benefit, without reference to any details of the cost of construction. This objection to the assessment cannot prevail.

The petitioners contend that, as applied to streets laid out and constructed under statutes enacted prior to the St. 1902, c. 521, the section under which the board acted is unconstitutional. It was decided in *Hall* v. *Street Commissioners*, 177 Mass. 434, 440, and *Warren* v. *Street Commissioners*, 187 Mass. 290, that special taxation upon land for peculiar benefits received from an improvement may be authorized after as well as before the expenditure is incurred, if in other respects such taxation is warranted. Numerous authorities were cited in support of these decisions. It appears in the present cases that in some of the lots assessed changes of ownership occurred after the street was laid out, and perhaps after the work of construction was finished, and before the assessment was made. It is contended that an assessment

upon the land in the hands of the new owners is a taking of their property without due process of law. Similar questions were considered in *Butler* v. *Toledo*, 5 Ohio St. 225, *Howell* v. *Buffalo*, 37 N. Y. 267, 273, *Righter* v. *Newark*, 16 Vroom, 104, *In re Commissioners of Elizabeth*, 20 Vroom, 488, *Brevoort* v. *Detroit*, 24 Mich. 322. See also Dillon Mun. Corp. (4th ed.) § 814. In the first of these cases the court said of the land owner, " He purchased his lots subject to any burden which the State might lawfully impose, and we cannot perceive how the vested rights of complainant are any more impaired than are those of every recent purchaser of real estate in Ohio, whose estate is now yearly taxed for the payment of interest and principal on a State debt contracted long before his purchase."

The argument of the petitioners seems to disregard the fact that a tax of this kind is assessed upon the land, for the special benefit received by it, and not upon its owner. It is collectible only from the land. It is true that the owner usually pays it because of his interest in the land; but the assessment is made upon the property, without regard to where the ownership of it happens to be, or to whether it changed while the construction was going on or after it was completed. One buying land which has received special benefits from an improvement that has just been completed, but has not been paid for, is bound to know that it is liable to be specially taxed for benefits, just as he is bound to know, if he then first becomes a resident of the city or town, that he will be subject to general taxation to make up so much of the unpaid cost of the improvement as is assessed upon the general taxpayers. If there is a statute which subjects the property to a special tax when he takes his title, the liability is an encumbrance. *Blackie* v. *Hudson*, 117 Mass. 181. If there is no such statute, it is not technically an encumbrance. *Maloy* v. *Holl*, 190 Mass. 277. But in such a case the liability to special taxation, under a statute that may be passed for that purpose, does not differ in principle from the liability upon one who becomes an inhabitant of a city or town which has contracted a large debt that must be paid by taxation, either under existing laws or other proper laws that the Legislature may pass for the purpose. One about to take up his residence in such a city or town may well consider the probability of large general taxation to

pay such a debt, and one about to buy land which has received a large special benefit for a public improvement which has not been paid for will naturally consider its liability to taxation, in determining what price he will pay. It is suggested that, under this construction of the statute, an assessment may be made many years after the benefit has been received. This by no means follows. In the first place, this statute permits an assessment only within two years after the work of construction is completed. Secondly, a Legislature would hardly attempt to authorize an assessment of benefits for an improvement many years after the completion of the work, and after the cost of it had been provided for in such a way that it had ceased to be a subject properly calling for special consideration and action. We are of opinion that the statute, as construed by the board of street commissioners, is constitutional.

*Petitions dismissed.*