INHABITANTS OF WESTON & another *vs.* BOARD OF RAILROAD COMMISSIONERS & another.

WILLIAM E. BRIGHT & others *vs.* SAME.

Suffolk. January 11, 12, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Railroad Commissioners. Electric Railroad. Certiorari. Words,* "Refusal."

Under St. 1906, c. 516, § 5, which provides that the directors named in a written agreement of association for the formation of an electric railroad company may apply to the board of railroad commissioners for a certificate that public convenience and necessity require the construction of a railroad as proposed in such agreement, and further provides that, "if said board refuses to issue such a certificate, no further proceedings shall be had, but the application may be renewed after one year from the date of such refusal," the dismissal of such an application without prejudice at the request of the applicants is not such a refusal, nor is the dismissal of an application for an informality upon a like request, the word "refusal" in the statute meaning an adjudication against the application founded upon a determination of the question whether in the public interest it ought or ought not to be granted; and after the dismissal of such an application for an informality at the request of the applicants, the application may be renewed in proper form before the expiration of a year.

Upon a petition for a writ of certiorari to correct alleged errors of law in proceedings before the board of railroad commissioners, the only facts outside the original record which can be considered by the court are those set up in the official answers of the commissioners.

In a petition for a writ of certiorari to correct alleged errors of law in proceedings before the board of railroad commissioners, the clerk of that board, whose duties are defined by St. 1906, c. 463, Part I. § 1, should not be joined as a respondent, the records which it is his duty to keep being subject to the control of the commissioners so far as is essential to the proper administration of justice in the proceedings before them.

Whether a writ of certiorari is the proper remedy to correct errors of law made by the board of railroad commissioners upon an application under St. 1906, c. 516, § 5, by the directors named in a written agreement of association for the formation of an electric railroad company for a certificate that public convenience

and necessity require the construction of a railroad as proposed in such agreement, or whether the proper remedy would be in equity, here was not considered, because it was held that the commissioners had made no error.

KNOWLTON, C. J.    These are petitions for a writ of certiorari to correct alleged errors of law in proceedings before the railroad commissioners.  The presiding justice,* after a hearing, directed the entry of an order in each case that the petition be dismissed, and at the request of the petitioners, he reported the cases to this court.  The proceeding before the railroad commissioners was an application of the Boston and Western Electric Railroad Company for a certificate that public convenience and necessity required the construction of a railroad, as proposed in an agreement of association for the formation of an electric railroad company under the St. 1906, c. 516, § 5.  By § 5 of this chapter the act provides that the agreement shall state numerous facts, as therein set forth.  The last sentence in § 5 is as follows: " If said board refuses to issue such certificate, no further proceeding shall be had, but the application may be renewed after one year from the date of such refusal."

Three different applications were made, the first by subscribers with the intention of forming " the Boston, Waltham and Western Electric Railroad Company," and the last two for the formation of the " Boston and Western Electric Railroad Company."  The first of these was dismissed without prejudice at the request of the applicants, and the second was dismissed for an informality, in accordance with a like request of the applicants.  This informality was the failure to state the par value of the shares in the agreement of association.  When the third was before the railroad commissioners, sundry respondents, who are the present petitioners, contended that the disposition of each of the former applications was a refusal to issue the certificate, within the meaning of the statute, and that the three applications were identical, so that the prosecution of the last one before the expiration of a year was a further proceeding that is forbidden by the statute.  The railroad commissioners ruled that the dismissal of the first application without prejudice, at the request of the applicants, and the dismissal of the second application for an informality, in accordance with a like request, were

* *Braley*, J.

not such refusals, inasmuch as the board did not make any decision upon the questions involved in the applications. They accordingly retained jurisdiction of the last application, and after a hearing, were about to make a decision upon it, when these petitions were filed.

Certain questions of form and procedure have been raised, some of which are not free from difficulty. These are, whether the remedy of the petitioners for the alleged error is not in equity (see St. 1906, c. 516, § 11 ; St. 1906, c. 463, Part III. §§ 155, 157 ; *Kilty* v. *Railroad Commissioners,* 184 Mass. 310, 311) ; whether the petitions are prematurely brought ; whether certain evidence was properly excluded, and whether Charles E. Mann, the clerk of the board, was properly joined as a respondent. Some of these it will not be necessary to consider ; for if they should all be decided in favor of the petitioners, we are of opinion that, for other reasons, they could not prevail. As all parties desire us to deal with the substantive questions of law on which the petitioners rely, and as a decision of these will settle the rights of the parties in these suits, we will proceed to them directly.

The provision of the statute is that, if the board refuses to issue the certificate, no further proceedings shall be had. The purpose of this evidently is that, after a deliberate adjudication against a project of this kind, the railroad commissioners shall not be required to try the same questions over again, and parties who might be opposed to the project for good reasons shall not be called upon to appear again in opposition to it, until such time has elapsed as reasonably might be expected to produce a change in conditions. That time may work such a change is recognized by the Legislature in the provision that the application may be renewed after one year from the date of the refusal. It was never intended that the railroad commissioners should not have the power, at the request of the petitioners, to deal with a technical error or an informality in the application, otherwise than by a refusal that should bar the parties from further proceedings for a year. What is meant by " refusal " is an adjudication against the application, founded upon a consideration of it in its substantive parts, and a determination of the question whether, in its features which affect its desirability in

the public interest, it ought or ought not to be granted. So long as there is no adjudication upon such questions, there is no good reason why the railroad commissioners should not permit such action as will enable the petitioners to correct technical mistakes or informalities. The request was similar to an application for a nonsuit in an action at law, or a request that a bill in equity be dismissed without prejudice, for want of prosecution. Moreover, the question is, not what the petitioners may do under a claim of right, but what the tribunal may permit in the exercise of its discretion. While the rule in equity is not precisely the same as at law, the general principle, both at law and in equity, is that the plaintiff may abandon his suit without being barred, whenever it can be done without injuriously affecting rights of the defendant acquired by reason of the bringing of the suit. *Derick* v. *Taylor*, 171 Mass. 444. *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 301.

It is true that costs are allowed upon a nonsuit at law, and may be decreed when a bill in equity is dismissed without prejudice, and that there is no provision for awarding costs in a case of this kind. But that consideration does not mark a distinction of much importance. This kind of proceeding is expected to affect chiefly, although not entirely, the interests of the public. Private rights are protected in other ways.

The record shows that the first and second applications were materially different in important particulars affecting the question whether a certificate ought to be granted, and if the first had been refused absolutely, it would not have barred the second application, which presented a different case for the consideration of the board. Treating the second and third applications as substantially the same, we are of opinion that the railroad commissioners were right in holding that the dismissal of the second at the request of the applicants, for an informality, was not a refusal of it within the meaning of the statute.

The evidence as to the alleged admission of the counsel for the company at the hearing upon the last application, tending to show that the incorporators or promoters in the last application were substantially the same as in the former ones, was rightly excluded. In the view that we have taken of the law,

this was entirely immaterial. Besides, the facts set up in the official answers of the tribunal in a case of this kind are the only facts outside of the original record upon which the petitioners can rely in support of their contention. *Ward* v. *Newton*, 181 Mass. 432, 433. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 214.

We are of opinion that the respondent Mann, the clerk of the board, was not properly joined. He was appointed to keep a record of the proceedings of the board and to serve notices under its direction. St. 1906, c. 463, Part I. § 1. His position in reference to his duties is similar to that of the clerk of the county commissioners, or the clerk of a court of common law. These suits are to correct alleged errors of law in judicial proceedings. The records of the courts are subject to the control of the judges, so far as may be essential to the proper administration of justice. We see no reason for making the clerk a party to a suit of this kind.

Without determining whether the petitioners have sought their remedy in a proper way, we are of opinion that they have failed to show any error in the proceedings before the railroad commissioners.

*Petitions dismissed.*

*W. N. Buffum*, for the petitioners.

*S. C. Bennett*, for the petitioners for certiorari.

*H. W. Dunn*, for the intervenors.

*D. Malone*, Attorney General, & *F. B. Greenhalge*, Assistant Attorney General, for the board of railroad commissioners.