JOHN P. LEAHY *vs.* STREET COMMISSIONERS OF THE CITY
OF BOSTON.

Suffolk.    March 13, 1911. — June 20, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Tax*, Betterments.  *Certiorari.  Way*, Public: laying out.  *Parks and Parkways.
Columbia Road.  Words,* " Layout."

Upon a petition for a writ of certiorari to quash the proceedings in assessing upon
    adjoining land of the petitioner betterments for the laying out and construction
    of Columbia Road in Boston, it appeared that the portion of Columbia Road on
    which the land of the petitioner abutted, about sixteen hundred feet in length,
    in 1892 was taken for a public park by the park commissioners of Boston and
    was laid out and constructed as a parkway called Dorchesterway under an act
    which authorized the assessment of betterments, that at that time a settlement
    was made between the city and the owners, by which a gross sum was paid to
    the owners and the city agreed to construct a roadway and walk, to which the
    owners could have access, and the owners made a conveyance to the city upon
    the condition that if any betterments were assessed upon their remaining land
    on account of the laying out and construction of the park such betterments
    should be assumed by the city of Boston.  In 1897 the street commissioners of
    Boston laid out Columbia Road as a highway from Franklin Park to Marine
    Park, a distance of five miles, which for the sixteen hundred feet referred to was
    superimposed upon Dorchesterway.  All of Dorchesterway, except twenty feet
    in width, was designated by the order laying out Columbia Road, under statutory
    authority, as being under the " charge and control " of the park commissioners
    as a parkway, and no physical change was made in the portion of the Columbia
    Road adjacent to the petitioner's land which formerly was Dorchesterway.
    *Held*, that, assuming, for the purposes of decision, that a petition for a writ of
    certiorari would have been a proper remedy to correct a wrongful assessment
    of betterments, the fact that Columbia Road for a comparatively short distance
    happened to be coincident with the pre-existing parkway did not prevent its lay-
    ing out from being a wholly new one, by which the older and lesser taking was
    extinguished, and that it could not be said as matter of law that no benefit ac-
    crued to the land of the petitioner by reason of the new layout.

RUGG, J.  This is a petition for a writ of certiorari * to quash
proceedings in assessing certain betterments for the construction
of Columbia Road in the city of Boston.  The general legality
of assessments for Columbia Road was upheld in *Morse* v. *Street
Commissioners*, 197 Mass. 292.

---

* *Morton*, J., by agreement of the parties reserved the case upon the peti-
tion and the return for determination by the full court.

The present petitioner relies for relief upon these undisputed facts: The portion of Columbia Road where his estates lie, being about sixteen hundred feet in length, was taken in 1892 for a public park by the park commissioners of Boston, and was laid out and constructed as a parkway and called Dorchesterway under an act which authorized the assessment of betterments. A settlement was made between the city and the owners at that time, whereby a gross sum was paid them, and the city agreed to construct a roadway and walk, to which the owners of the estates in perpetuity could have access, and a conveyance was made to the city upon condition that if any betterments were assessed upon their estates on account of the laying out and construction of said park they should be assumed by the city of Boston. In 1897 the street commissioners of Boston laid out Columbia Road as a highway from Franklin Park to Marine Park, a distance of about five miles, which, so far as it affects the petitioner, was superimposed upon Dorchesterway. All of Dorchesterway except twenty feet in width was designated by the order laying out Columbia Road and under the authority of the statute as being under the "charge and control" of the park commissioners as a parkway. No physical change has been made in the portion of Columbia Road adjacent to the petitioner's estate which was formerly Dorchesterway.

It is assumed in favor of the petitioner that this is an appropriate procedure by which to raise the questions argued. See Weston v. Railroad Commissioners, 205 Mass. 94, 98, and cases cited. Columbia Road was laid out as a single new continuous way throughout its entire length by the action of the street commissioners. Although the words "to lay out" may be of somewhat varying significance dependent upon their context, in this connection they mean to fix the termini and prescribe the boundaries of the highway, and to establish it as a public easement of travel, with all the incidental uses thereby implied, by official act of the lawfully constituted authorities. The grade and the extent, material, manner and time of construction may also be prescribed in the order of layout, though these details are not commonly essential to the validity of an original laying out. Como v. Worcester, 177 Mass. 543. Foster v. Park Commissioners, 133 Mass. 321. Fuller v. Mayor & Aldermen of Springfield,

123 Mass. 289. *Hitchcock* v. *Aldermen of Springfield*, 121 Mass. 382. *Peabody* v. *Boston & Providence Railroad*, 181 Mass. 76, 81. Because the new way happens for a comparatively short distance to be coincident with a pre-existing way does not prevent it from being a wholly new layout. The old and lesser is swallowed up in the new and larger thoroughfare. The old in this instance was not a full highway, but a parkway subject to its inherent limitations as such. The new way is public in its broad sense, and hence different in kind from that previously existing. The fact that there has been no physical change in the portion of the street upon which the petitioner's land abuts is of no significance. His land is within the territory defined by the statute as liable to a benefit. The assessment is levied not for a particular section of construction, but, for the layout and construction of the road as a whole. The burden of expense is apportioned proportionately on all land within the benefited area as established by the Legislature and not according to the expense of a special part upon adjacent land. The project was an entity, portions of which were perhaps much more expensive than others, but the benefit of being incorporated into this single street unit is assessed, even though some abutting landowners may have much preferred to have been left alone with their former facility of approach, and even though a short section may have been so wrought at an earlier time as to need no change in order to adapt it for the use in 'the new way.

It is not contended that the question of fact as to the amount of benefit received by the petitioner's estates may be inquired into in this proceeding, but it is urged that it can be said as matter of law that no benefit accrued to the estates of the petitioner by reason of the new layout. This position cannot be supported. Giving full weight to the suggestions arising from the restrictions placed upon lots in the neighborhood designed to preserve them to residential uses and the advantages flowing to houses of that character from location upon a parkway, it does not follow that under no conceivable circumstances could a benefit arise from the establishment of a public way upon the locus of the parkway. It is possible that under some conditions residential estates might receive advantage from abutting upon a long public avenue rather than upon a short parkway. This

is a question of fact to be tried out in appropriate proceedings, and raises no issue of law upon this record.

*Petition dismissed.*

*J. P. Leahy,* (*F. T. Leahy* with him,) for the petitioner.
*T. M. Babson,* for the respondents.