PATRICK J. BANAGHAN *vs.* COUNTY COMMISSIONERS OF
WORCESTER.

Worcester.     September 30, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Certiorari. County Commissioners. Railroad.*

On a petition for a writ of certiorari to quash the proceedings of county commissioners under St. 1906, c. 463, Part II, § 78, prescribing the limits within which certain land of the petitioner might be taken by a railroad corporation, the answer of the respondents is conclusive as to their findings of fact stated therein, and only errors of law apparent on the record are open to correction.

The rule that a writ of certiorari lies only for the correction of errors of law apparent on the record is not changed by St. 1902, c. 544, § 27, which provides that the court may quash or affirm the proceedings in question, or may make such order, judgment or decree as law and justice may require.

A railroad corporation, which has leased its property to another railroad corporation but retains its corporate existence, can maintain a petition to the county commissioners under St. 1906, c. 463, Part II, § 78, for an order prescribing the

limits within which the petitioner may take land that is necessary for additional tracks and cannot be obtained by agreement with the owner, and upon such petition it is immaterial whether the lease made by the petitioner is valid or invalid.

PETITION, filed on July 10, 1911, for a writ of certiorari to quash the proceedings of the county commissioners of the county of Worcester in prescribing the limits within which certain land of the petitioner on Kansas Street in Worcester might be taken by the Providence and Worcester Railroad Company upon a petition filed by that corporation on May 5, 1911, under St. 1906, c. 463, Part II, § 78.

The petition alleged as causes of error in the proceedings of the respondents (1) that the petitioner was given no notice of the hearing before the commissioners, and (2) that the Providence and Worcester Railroad Company had leased its property to the New York, Providence and Boston Railroad Company under authority of St. 1889, c. 345, and afterwards had joined in a lease of its property to the New York, New Haven, and Hartford Railroad Company, which was alleged to have been unauthorized, and that by this lease the Providence and Worcester Railroad Company had abandoned the operation of its road.

The return or answer of the respondents, after annexing a copy of the record of the proceedings before them, certified that, in addition to the facts stated in their decree and appearing upon their record, they found upon the evidence, that the Providence and Worcester Railroad Company was a corporation organized under the laws of this Commonwealth for the purpose of building and operating a railroad from the city of Worcester to the city of Providence, that it had leased its road to the New York, New Haven, and Hartford Railroad Company for the purpose of operation, but that the Providence and Worcester Railroad Company retained title to all the real estate belonging to it, subject only to the lease, that a part of such real estate adjoined land of the petitioner, that the petitioner had had full and actual notice of the proceedings on the petition before the commissioners, and that the Providence and Worcester Railroad Company required the land of the petitioner, outside the limits of the route fixed, for the purposes set forth in its petition, and was unable to obtain such land by agreement with the owner.

The case was heard by *Rugg,* C. J., who ruled that the petition for a writ of certiorari could not be maintained. The petitioner alleged exceptions to the ruling "upon the alleged ground that it appears on the record that the Providence and Worcester Railroad could not maintain the petition granted by the respondents."

*W. C. Foley,* for the petitioner.

*R. B. Dodge & A. J. Young,* for the respondents, were not called upon.

BRALEY, J.    The return of the respondents, who acted as county commissioners in the proceedings which the petitioner desires to have quashed, is conclusive as to their findings of fact, and only erroneous rulings of law can be reviewed and corrected. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206.    *Ward* v. *Aldermen of Newton,* 181 Mass. 432.    The St. of 1902, c. 544, § 27, has not abrogated this rule but only provides, that the court instead of being limited to an order of affirmance or reversal may direct such judgment or decree to be entered by the commissioners as law and justice may require. *Weston* v. *Railroad Commissioners,* 205 Mass. 94.    *Leahy* v. *Street Commissioners,* 209 Mass. 316, 317.

The petitioner does not contend that the corporation known as the Providence and Worcester Railroad Company has been dissolved or its corporate powers diminished, and it is immaterial whether the lease of its railroad to another railroad company is valid or invalid.    The company had not parted with its ownership, and if land for additional tracks became necessary, but could not be purchased from the owner, it could proceed under the provisions of the St. of 1906, c. 463, Part II, § 78, which read as follows: "If a railroad corporation, for the purpose of making or securing its railroad or for depot or station purposes, requires land or materials outside the limits of the route fixed, or requires additional land for one or more new tracks adjacent to other land occupied by such corporation by a track or tracks already in use, and is unable to obtain it by agreement with the owner" the county commissioners upon application, and after notice to the owner, may prescribe the limits within which it may be taken without his permission by right of eminent domain under § 83.    The petition of the company having contained the essential allegations required

by the statute, and the respondents having found the allegations to be true, no occasion is shown for any modification of their order or decree.

*Exceptions overruled.*