HOLLIS FRENCH, executor, *vs.* GERTRUDE C. BROOKE.

Suffolk.   December 5, 1921. — April 22, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Probate Court,* Jurisdiction: dismissal without prejudice.

The Probate Court has jurisdiction in its discretion to grant a petition by the executor named in a will, assented to by all the beneficiaries named in the will but opposed by the sole next of kin of the alleged testator, that a petition already filed by the executor for probate of the will be dismissed without prejudice and that the petitioner be permitted to withdraw the will from the files of the court, although, after the filing by the next of kin of an appearance opposing the proof of the will, the petitioner had been appointed special administrator, had qualified and as such was holding the personal property of the deceased, and there was pending a petition by the next of kin that the petition for probate be dismissed on the ground that the decedent was not domiciled in this Commonwealth at the time of his death, and a petition for dismissal without prejudice previously filed by the person named as executor in the will and not assented to by the beneficiaries named in the will nor by the next of kin, had been denied without prejudice.

PETITION, filed in the Probate Court for the county of Suffolk on June 8, 1921, by one who was named as executor in an alleged will of Sarah Scott Binney which he previously had filed, seeking that a petition for probate of the will, filed by him with the will, be dismissed without prejudice to the right of any person interested to petition later for the probate of the will, either as an original or as an ancillary probate thereof, if occasion should arise, that the petitioner be permitted to withdraw the original will from the files of the court and that the Register of Probate be authorized and directed to deliver the original will to the petitioner.

The petition was heard in the Probate Court by *Prest,* J. Material facts found by him are described in the opinion. He reported the case to this court for determination with the following statement: "If the Probate Court has power to permit the will to be so withdrawn in accordance with the petition of the said Hollis French and against the objection of the heir and next of kin, then in the exercise of my discretion I should grant the prayer of the said petitioner and permit the said will to be so withdrawn without prejudice, as prayed for; but being doubtful of my power in the premises, I report the said petition and the foregoing facts to the Supreme Judicial Court, under the provisions of G. L. c. 215, § 13, for such action thereon as law and justice may require."

*G. R. Nutter,* (*M. Israel* with him,) for the petitioner.

*E. M. Dodd, Jr.,* for the contestant, Gertrude C. Brooke.

CARROLL, J. This case comes before us on a report of the judge of probate for Suffolk County under G. L. c. 215, § 13, on the question, whether that court has the power in its discretion to permit the withdrawal of the alleged will of Sarah Scott Binney after a petition for its probate has been filed; the withdrawal being requested in a petition filed by the executor named in the alleged will.

Sarah Scott Binney died in Florence, Italy, April 4, 1919. The instrument in question, purporting to be her last will and testament, was executed in that city "on or about October 15, 1917." Hollis French, named therein as executor, presented a petition for the probate of the will "on or about" May 7, 1919, it being alleged in this petition that the testatrix last dwelt in Boston. Mrs. Binney left bonds and other securities which at the time of her death were within the county of Suffolk, in charge of said French. On November 22, 1920, French was appointed special administrator; he duly qualified, and as such special administrator now holds the bonds and securities.

Gertrude C. Brooke, the only heir and next of kin of Sarah Scott Binney, appeared in opposition to the probate of said will, and on November 18, 1919, filed a petition praying that the petition for the probate of the will be dismissed on the ground that the deceased was not a resident of Boston and had no domicil there, but dwelt and had her domicil in Florence, Italy. Thereafter on April 13, 1920, she filed another petition to dismiss the

petition for the probate of the will on the same ground already set forth and on the additional ground that "if said will should be admitted to probate in said Kingdom of Italy, it would not be so admitted because said will is executed in the form prescribed by the Italian law of wills but because of a possible interpretation of the conflict of laws which would be inconsistent with the law of this Commonwealth to the effect that the validity of a will of personal property is to be determined in accordance with the law of the domicil of the deceased, by reason of which a probate of said alleged will in Italy would be of no effect with regard to the property situated in this Commonwealth and would not entitle the person named therein as executor to an ancillary appointment by this court; but that the deceased died intestate with regard to said property."

French, in June, 1920, filed a petition to withdraw the will, to which the beneficiaries under the will did not assent. This petition was dismissed without prejudice. In June, 1921, another petition for withdrawal of the will, assented to by all the beneficiaries mentioned in the will, was filed by said French. Gertrude C. Brooke objected to the granting of this petition and to the withdrawal of the will. The judge of probate reported to this court the question of his power to permit, in his discretion, the withdrawal of the will in accordance with the petition of the executor against the objection of the only heir and next of kin.

The rule is well settled in this Commonwealth that in an action at law a plaintiff may discontinue his action before trial on the merits, but after trial is begun he cannot discontinue or become nonsuit as of right. *Derick* v. *Taylor*, 171 Mass. 444. *Burbank* v. *Woodward*, 124 Mass. 357. *Truro* v. *Atkins*, 122 Mass. 418. As to the right of the plaintiff to discontinue without the consent of the defendant in an action at law when a declaration in set-off has been filed, see G. L. c. 232, § 8. In a divorce case where the trial is not begun, the libellant has the right to have the libel dismissed without a decision on the merits. *Roach* v. *Roach*, 190 Mass. 253. In equity a plaintiff has not the right to have his suit dismissed on paying costs after hearing is begun or when the defendant's rights would be prejudiced. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 301. *Weston* v. *Railroad Commissioners*, 205 Mass. 94, 97. *Lumiansky* v. *Tessier*, 213 Mass. 182, 190. *Burroughs* v. *Wellington,*

211 Mass. 494, was a petition in the Probate Court for instructions. It was there decided that after an appearance by the parties and a hearing, the petitioner could not of right have the petition dismissed, but that it was within the discretion of the judge of probate to decide whether the petition should be withdrawn or dismissed.

The question in the case before us is, not whether the petitioner can withdraw the petition as matter of right, but can the Probate Court in the exercise of its discretion permit its withdrawal. In *Rackemann* v. *Taylor*, 204 Mass. 394, the testatrix was domiciled in a sister State and had property in this Commonwealth. Her will was offered for probate here before being allowed where she last dwelt. It was decided that the Probate Court should have declined to take jurisdiction of the case, and should have dismissed the petition for proof of the will, without prejudice, with the right of persons interested to enter a petition later for the probate of her will, if occasion should arise. In the case at bar the domicil of the testatrix at the time of her death was in dispute and was not finally determined; it may have been in Italy or in this Commonwealth. In our opinion the petitioner could not as matter of right withdraw the will, but the Probate Court in its discretion could permit it to be withdrawn.

While it has been decided in some jurisdictions that a Probate Court cannot allow the withdrawal of a will after it has been submitted for probate, *St. John's Lodge* v. *Callender*, 4 Ired. 335, *Benoist* v. *Murrin*, 48 Mo. 48, 54, according to the weight of authority that court may allow the withdrawal of the petition for the probate of a will or dismiss the proceedings. *Crow* v. *Blakey*, 31 Ala. 728. *Heermans* v. *Hill*, 2 Hun, 409. See *Matter of Lasak*, 131 N. Y. 624, 627; *Fisher's Case*, 4 Dick. 517.

There does not appear to be anything in the procedure of our probate courts which deprives them of the right to grant a petition for the withdrawal of a will; and in our opinion the court could in its discretion permit this to be done. The case is remanded to the Probate Court for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*